# B A I N ,  F I L E S ,  J A R R E T T ,  B A I N  &  H A R R I S O N
## A T T O R N E Y S   A N D   C O U N S E L O R S   A T   L A W
### A  P R O F E S S I O N A L  C O R P O R A T I O N

**JERRY BAIN, P.C.**
Board Certified—Family Law
  Texas Board of Legal Specialization
Family Law Mediator
Fellow American Academy of
  Matrimonial Lawyers

**F.R. (BUCK) FILES, JR.**
Board Certified—Criminal Law
  Texas Board of Legal Specialization
Board Certified—Criminal Trial Advocacy
  National Board of Trial Advocacy
College of the State Bar

**MICHAEL E. JARRETT**
Board Certified—Family Law
  Texas Board of Legal Specialization

**BRUCE D. BAIN**
Board Certified—Family Law
  Texas Board of Legal Specialization
Family Law Mediator

**J. BRETT HARRISON**
Board Certified—Criminal Law
  Texas Board of Legal Specialization
Board Certified—Criminal Trial Advocacy
  National Board of Trial Advocacy
College of the State Bar

**JENNIFER GARRETT DEEN**
Of Counsel
Board Certified—Juvenile Law
  Texas Board of Legal Specialization

**CERTIFIED PARALEGALS**
Virginia Burgess*
Kim Gillard
Carrie Hall
Debbie Magee
Tamara May*
Tammye Mayfield

*Board Certified—Family Law
  Texas Board of Legal Specialization

**OFFICE ADMINISTRATOR**
Alice Zillmer*

109 W. Ferguson
Tyler, Texas  75702
903-595-3573
903-597-7322 Fax
www.bain-files.com

June 8, 2009

**HAND DELIVERED**

Honorable Leonard Davis
United States District Judge
Eastern District of Texas
211 West Ferguson
Tyler, Texas  75702

> RE:   Letter Memorandum in
>       *U.S.A. v. Randall Doyle Paroline*
>       *6:08CR61*
>       *U.S.A. v. Barry Griffin*
>       6:08CR93(01)

Dear Judge Davis:

Last week, I sent  the Court  copies of  *United States v. Grober*, 595 F.Supp.2d 382 (D. NJ 2008) and the article by Troy Stabenow entitled "Deconstructing the Myth of Careful Study:  A Primer on the Flawed Progression of the Child Pornography Guidelines."  I also sent three copies of each to Alan Jackson for his review and for AUSAs Bill Baldwin and Mary Ann Cozby to have for their files in the above referenced causes.

### *The Westlaw Search For Stabenow's Article*

It occurred to me that I had not run a Westlaw search to see if Mr. Stabenow's article had been mentioned by judges other than the Honorable Katharine J. Hayden of the United States District Court for the District of New Jersey in her *Grober* opinion.  I entered the query "*Deconstructing the Myth*" & *Stabenow*.  From this query, I found eight cases (including *Grober*) which mentioned Stabenow's article.

Attached to this letter memorandum is a chart which shows the citation for each case; the offense which each defendant was found to have committed; the statute which prohibited that conduct; the advisory Guideline range; and, the sentence imposed.  (Attachment A).

Page 2

## The *Kimbrough* Cases

All of these cases cited *Kimbrough v. United States*, 128 S.Ct. 558, 169 L.Ed.2d 481; e.g.,:

- Huffstatler correctly submits that the child pornography sentencing guidelines, U.S.S.G. §§2G2.1-2, like the drug guidelines at issue in *Kimbrough v. United States*, ___U.S.__ 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), are atypical in that they were not based on the Sentencing commission's nationwide empirical study of criminal sentencing.  "In the main, the Commission developed Guidelines sentences using an empirical approach based on the data about past sentencing practices…'*Kimbrough*, 128 S.Ct. at 567.  But the guidelines for child-exploitation offenses were not crafted this way.  Instead, "[m]uch like policymaking in the area of drug trafficking, Congress has used a mix of mandatory minimum penalty increases and directives to the Commission to change sentencing policy for sex offenses." *697 U. S. Sentencing Comm'n, *Fifteen Years of Guidelines Sentencing:  An Assessment of How Well the Federal Sentencing Reform* 72-73 (November 2004), *available* at http://www.ussc.gov/15_year/15_year_ study-full.pdf.
  *United States v. Huffstatler*, 561 F.Ed 694 (7ᵗʰ Cir. 2009)

- In imposing sentence, the "district court must consider all sentencing factors enumerated in 18 U.S.C. §3553(a).  *United States v. Harris*, 490 F.3d 589, 593 (7ᵗʰ Cir. 2007), *cert denied*, __ U.S. __, 128 S.Ct. 963, 169 L.Ed.2d 770 (2008). …After considering these factors, the court must impose a sentence that is 'sufficient but not greater than necessary' to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant.  §3553(a)(2).  This so-called 'parsimony provision' represented the 'overarching' command of the statute.  *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007).
  *United States v. Phinney*, 599 F.Supp.2d 1037, 2009 WL 42586, E.D.Wis., February 20, 2009 (Case No. 08-CR-260).

- Indeed, the weight to be given the Guidelines score lies within the Court's discretion, when considered in the context of the Section 3553(a) factors, *id*, at 597, and may include policy-related criticism of the particular Guideline itself, *Kimbrough v. United States, ___U.S. ___,* 128 S.Ct. 558, 5665, 165 L.Ed.2d 481 (2007) (Upholding Below-Guidelines sentence in crack cocaine case where trial court criticized the "disproportionate and unjust effect that crack cocaine guidelines have in sentencing" and contrasted Guidelines ranges for equivalent amounts of crack and powder cocaine).
  *United States v. Doktor*, Slip Copy, 2008 WL 53342141, M.D.Fla., December 19, 2008 (No. 6:08CR46-Orl-31 DAB).

Page 3

- The advisory Guidelines are, therefore, "the starting point and the initial benchmark" in determining a sentence. *Gall*, 128 S.Ct. at 596 (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range").   While district courts must "give respectful consideration to the Guidelines," they are permitted "'to tailor the sentence in light of other statutory concerns as well.'" *Kimbrough*, 128 S.Ct. at 570 (quoting *Booker*, 543 U.S. at 245-46, 125 S.Ct. 738).  "[T]he Guidelines are not the only consideration, [and] the district judge should consider all of the §3553(a) factors" to fashion the appropriate sentence.  *Gall*, 128 S.Ct. at 596.  As required by the Sentencing Reform Act, the "overarching provision instruct[s] [the] district court to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including 'to reflect the seriousness of the offense, 'to promise respect for the law,' to provide just punishment for the offense, ' to afford adequate deterrence to criminal conduct,' and 'to protect the public from further *1002 crimes of the defendant.'  *Kimbrough*, 128 S.Ct. at 570 (quoting 18 U.S.C. §3553(a)).
*United States v. Johnson*, 588 F.Supp.2d 997 (S.D.Iowa 2008).

## The Supreme Court's Latest Case on Point

On January 26, 2009, in a *per curiam* opinion the Supreme Court noted:  "The Guidelines are not only *not* mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guidelines range.   Under our recent precedents,  that constitutes error."  *Wilson v. United States*, 129 S.Ct. 890 (2009).

## There Is No Fifth Circuit Authority on Point

In *United States v. Gomez*, 2008 WL 4218795 (5th Cir. 2008) the defendant contended "…that his sentence is substantially unreasonable because there is no empirical support for U.S.S.G., §2G2.2, the Guideline governing child pornography.   He did not challenge the empirical grounds for §2G2.2 in the district court, so his contention is reviewed for plain error. …Nothing in the record suggests that the district court disagreed with the policy behind the Guideline or believed that it was precluded by circuit precedent from imposing a lesser sentence in the fact of §2G2.2   The judgment of the district court is thus affirmed as to the sentence imposed."  [Note:  This is the only criminal case found on Westlaw with the query *Kimbrough & empirical & porn!.*]

Respectfully submitted,


F. R. (Buck) Files, Jr.

FRF,Jr./dam

Page 4

Cc:    Mr. Alan Jackson
Cc:    Ms. Mary Ann Cozby
Cc:    Mr. Bill Baldwin
Encl.