# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:08-CR-61 |
| DOYLE RANDALL PAROLINE | § | |

## ORDER

Before the Court is the Request for Restitution by "Amy" an alleged victim in the "Misty" child pornography series which is allegedly included in the guilty plea of Doyle Randall Paroline to Count 1 of the Information, which charges a violation of 18 U.S.C. 2252(a)(4)(B) and 2252(b)(2) (possession of material involving the sexual exploitation of minors). Plea Agreement, Docket No. 6 at 2. Paroline admitted that he knowingly possessed on his computers more than 150 but less than 300 images of minors engaged in sexually explicit conduct. Factual Resume to Plea Agreement, Docket No. 6, Exhibit A.

The National Center for Missing and Exploited Children has identified "Amy" as at least one of the minors depicted in the images. That individual, who is no longer a minor, has come forward through her attorney, Mr. James R. Marsh, seeking restitution under 18 U.S.C. § 2259.[1] "Amy"

---

[1] Section 2259 states:
(a) In general.–Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
(b) Scope and nature of order.–
    (1) Directions.–The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2).
    (2) Enforcement.–An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A.
    (3) Definition.– For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred by the victim for–
        (A) medical services relating to physical, psychiatric, or psychological care;
        (B) physical and occupational therapy or rehabilitation;
        (C) necessary transportation, temporary housing, and child care expenses;

seeks criminal restitution from Defendant for the "full amount" of her losses including psychological care, lost income and attorney's fees, all of which she alleges to be at least $3,448,954.  In support of this request, "Amy" has filed an extensive brief and supporting documentation. This is the first restitution claim to this Court in a child pornography case. In the context of child pornography, the restitution request raises a  number of concerns for the Court.

Since child pornography is often shared via the internet and other electronic means, any particular image is often viewed nation-wide and even world-wide by many, many persons including multiple past, present, and future defendants.   This has resulted and will likely result in multiple defendants in multiple judicial districts being charged, convicted, and sentenced for possessing the same image.  Presumably, the victim depicted in such image may then pursue restitution against multiple past, present, and future defendants in relevant multiple judicial districts.  Furthermore, there are in all likelihood multiple other potential victims who may seek restitution from the same defendant or defendants.

By way of example, the Court is advised that "Amy" has identified some 650 defendants in some 30 judicial districts who are potentially liable for criminal restitution.  This number will likely only grow over time.  And, the government has represented that in addition to "Amy" the National Center for Missing and Exploited Children has identified another 22 victims on defendant's

---

     (D) lost income;
     (E) attorneys' fees, as well as other costs incurred; and
     (F) any other losses suffered by the victim as a proximate result of the offense.
  (4) Order mandatory.–
    (A) The issuance of a restitution order under this section is mandatory.
    (B) A court may not decline to issue an order under this section because of–
     (i) the economic circumstances of the defendant; or
     (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.
(c) Definition.– For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.

2

computer series alone, not to mention the unidentified victims. How many other victims are there who may pursue criminal restitution against the same or different defendants? How many judges will be called upon to pass upon the difficult issues with which this Court is now confronted? Will there be differing results as to "Amy's" losses or damages? Will there be different apportionment of restitution among defendants, or even among future identifiable victims? How will courts verify that a victim is truly a victim or a victim of this defendant? How much attorneys' fees for victims and the Government will be expended? How much of our scarce judicial resources will be duplicated? The issue of criminal restitution for victims of child pornography is an important one, but it is one that deserves considerable study and coordination to arrive at a result that benefits the victim in an efficient, fair, trustworthy manner, and at the same time protects defendants' rights.

Accordingly, the Court is asking the Government, the Defendant, Probation, the victim "Amy" and her counsel, any other victims, the National Center for Missing and Exploited Children, and any other interested group to file briefs or statements of position on these issues in this case. The issues the Court is interested in include:

1. How shall it be determined whether the restitution-claimant is actually a victim and is entitled to restitution under section 2259?

2. How will the amount of restitution to which an identified victim is entitled be determined? Who has the burden of proof and by what standard?

3. Who is going to make this determination? Will it be made in every court or only once? What avenues are available to streamline this procedure to reduce victim expense and conserve judicial resources?

4. Is each defendant liable for payment of the full amount of restitution or may the court apportion liability among defendants to reflect the level of contribution to the victim's loss and/or economic circumstances of each defendant?

5. Is there any proximate cause requirement between the victim's losses and the particular defendant's conduct?

6. How should restitution orders and payments be managed when multiple defendants in multiple judicial districts are responsible for restitution to the same victim, or to multiple victims? How is the potential for double recovery to be avoided and what safeguards are available?

7. Is "Amy" a victim entitled to restitution in this case?

8. What is the amount of "Amy's" loss in this case?

9. What amount of total restitution should Doyle Randall Paroline be ordered to pay in this case? How should his restitution payments, if any, be structured?

Since these issues are very broad and far reaching and should not affect the Defendant's immediate sentencing, the Court **SEVERS** the restitution determination from the sentencing proceeding. *See* 18 U.S.C. § 3664(d)(5). The Court **ORDERS** all interested parties, including the Government, the Defendant, Probation, and "Amy" to submit briefs on the issues raised by the Court by **July 20, 2009.** The Court invites briefing from any other interested party, including the National Center for Missing and Exploited Children and the Administrative Office of the United States Courts, by the same date. The Court will hear evidence and oral arguments on these issues and the amount, if any, and manner of assessing restitution in this case on **Tuesday, August 4, 2009 at 10:00 a.m.**

Although the Defendant retained counsel for his plea and sentencing proceedings, the Court now finds the Defendant indigent and **APPOINTS** F.R. ("Buck") Files, Jr. to represent him during the restitution proceedings.

The **Clerk is directed** to add "Amy" and her counsel, James R. Marsh, as a party/victim to

4

this case, serve them with a copy of this order, and all subsequent orders at:

>Mr. James R. Marsh
>Attorney for "Amy"
>The Marsh Law Firm
>P. O. Box 4668 #65135
>New York, New York 10163-4468
>VNS@MarshLaw.net

Furthermore, Mr. James R. Marsh is **ORDERED** to file a copy of this Order in every case in which "Amy" has filed a Request for Restitution with an appropriate cover page identifying the pendency of this action and **this Court's invitation** for any interested party to file a brief or statement of interest in this case in accordance with this Order's Briefing Schedule.  The **CLERK** is further **ORDERED** to transmit a copy of this order to:

>National Center for Missing & Exploited Children
>Charles B. Wang International Children's Building
>699 Prince Street
>Alexandria, Virginia 22314-3175
>Tel:   1-800-843-5678
>Fax:  1-703-274-2200

**So ORDERED and SIGNED this 10th day of June, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**