| | | | |
|---|---|---|---|
| DATE: | June 10, 2009 | **CASE NO: 6:08 - CR - 61** | |
| LOCATION: | Tyler | | |
| JUDGE: | Leonard Davis | **USA   VS.   Doyle Randall Paroline** | |
| DEP. CLERK: | Rosa L. Ferguson | | |
| RPTR/ECRO: | Shea Sloan | Bill Baldwin - Assigned | Buck Files / Brett Harrison |
| USPO: | Mike Thomas | Bill Baldwin - Appeared | Attorney for Defendant |
| INTERPRETER: | | | |

BEGIN: 1:40 pm          ADJOURN: 2:50 pm

# SENTENCING

☒ Sentencing called      ☒ Sentencing held
☒ Court adopts PSR in its entirety

| CT. | CUSTODY | Consec/ Concurr | W/ CT | FINE | REST | PROB | SUP / REL | Consec/ Concurr | W/ CT | SP/ASS | INELIG FED BEN. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1(Inf) | 24 Months | | | Waived | to be determined | | 10 Yrs | | | $100 | |

**BOP RECOMMENDATIONS:**

| | |
|---|---|
| ☒ Dft be designated to FCI that offers Sex Offender Treatment Program as near to Athens, TX, preferably Seagoville | ☒ Dft participate in **Sexual Offender Program**. |

| | SPECIAL CONDITIONS of RELEASE |
|---|---|
| X | Dft shall **report** in person to the probation office in the district to which the dtf is released within **72 hours** of release from BOP. |
| X | Dft shall not commit another Federal, State or Local crime, shall comply with the **standard conditions** adopted by this Court and with the following additional conditions: |
| X | Dft shall not possess a **firearm** or other destructive device.   |   Dft shall be **surrendered to INS official** for deportation proceeding. |
| X | Dft shall provide the probation officer with access to any requested **financial information**. |
| **X** | Court finds drug test w/in 15 days of release unnecessary. |
| **X** | Dft shall cooperate in the collection of **DNA** as directed by the Probation Officer. |

| | | |
|---|---|---|
| X | Dft advised of **right to appeal** & court appointed counsel | **6.10.2009**<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF TEXAS**<br>**DAVID J. MALAND, CLERK** |
| X | **Presentence Report** Sealed. | |
| X | **Minutes** filed | |
| X | Dft **REMANDED** to the USM. | |

| SPECIAL CONDITIONS CONTINUED |
|---|

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 .U.S.C. § 16901, et. seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.

The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct as defined in 18 U.S.C. § 2256(2).  The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

**SPECIAL CONDITIONS CONTINUED:**

The defendant shall allow the U.S. Probation Office to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of his computer usage. The defendant shall advise anyone in his/her household that any computer in the household may be subject to computer monitoring. The defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software.

The defendant shall disclose all on-line account information, including user names and passwords, to the U.S. Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his compliance with the imposed computer access/monitoring conditions.

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

| | |
|---|---|
| 1:40 pm | **CASE CALLED**. Mr. Baldwin announced ready for the Government. Mr. Files announced ready for the Defendant. |

**PRESENTENCE REPORT**: Court inquired if Mr. Files and dft received a copy of PSR, have reviewed it, and have any objections. Mr. Files presented objections to PSR – Mr. Files does not ask for a Ruling, but only presented for clarifications. Court inquired if the Govt had any objections. Mr. Baldwin indicated that the Govt did not have objections to the PSR. Court Adopts PSR in its entirety. Court finally accepts plea agreement in this case.

**CRIME VICTIM ALLOCATION:** Mr. Baldwin addressed the Court on victims identified through the National Center for Missing and Exploited children, and one Victim, Amy, has submitted a statement. In addition, a request for restitution has been made. Mr. Baldwin moved to bifurcate the restitution issues in this case and requested the 90-day window to deal with the restitution. Mr. Files responded and concurred with the bifurcation. Mr. Files referenced a similar restitution issue in the Western District of Texas. Court agrees with the request to sever and Court will note the restitution packet received from Mr. Marsh, Atty in New York, for victim, Amy. Court will be entering an order setting forth a briefing schedule on that. Court asked Mr. Baldwin that Amy's statement be read in open Court. Victim impact statement read.

**ALLOCATION BY DEFENDANT**: Dft **DID** allocute to Court. Mr. Files addressed the Court regarding the Dft's remorse. Mr. Files addressed the Court on his sentencing memorandum. Mr. Files addressed the Court on 3553(a) issues and clarifications to the PSR. Mr. Files outlined the dft's actual use of computer for purposes of viewing child pornography. Mr. Files outlined the Dft's expert reports. Mr. Files asked for Court Probation or a reasonable sentence.

Mr. Baldwin addressed the Court and responded to Mr. Files statements. Court inquired as to the saving of the pictures. Mr. Baldwin responded. Mr. Files directed the Court to a 302 report. Court inquired of Dft of his access to pictures on his computer. Dft responded. Mr. Baldwin continued to address the Court. Mr. Files responded as to Goodson's report as to the amount of time Dft viewed pornography. Mr. Baldwin continued to address the Court. Mr. Baldwin addressed the Court as to the parties' stipulation of a 33 month sentence. Mr. Files responded s to the negotiations of 33 - 41 months. Mr. Files asked for a sentence lesser than that.

**IMPOSITION OF SENTENCE:** Court imposed sentence and made recommendations to BOP.

**APPEAL:** Deft advised of right to appeal & court appointed counsel. **REMAINING COUNTS:** NONE
**BOP RECOMMENDATION REQUEST:** Mr. Files requested Seagoville as place of confinement. Court recommended FCI Seagoville as place of confinement, if they have the sex offender treatment program or a designation to a facility – wherever that might be appropriate that offers this treatment, as close to Athens, TX as possible.

**Restitution Proceedings:** Mr. Files asked to visit with the Court and Government regarding the restitution issue. Court inquired of Mr. Files regarding his representation of Dft. Court is inclined to allow Mr. Files to withdraw as retained counsel and reappoint him to represent the Dft in the restitution proceedings. Mr. Files will file whatever paperwork is necessary. Court asked to see counsel and Probation in chambers.

**CUSTODY:** Dft REMANDED to USM.

| | |
|---|---|
| 2:50 pm | There being nothing further in this case, Court adjourned. |