## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 6:08-CR-61 |
| | § | |
| | § | |
| DOYLE RANDALL PAROLINE | § | |

### UNITED STATES' BRIEF ON RESTITUTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the United States Attorney and the undersigned Assistant United States Attorneys, and submits the following Brief on Restitution. On June 10, 2009, the Court issued an Order bifurcating the restitution issues from the remaining sentencing issues relating to Defendant Doyle Randall Paroline. In that Order, the Court requested briefing on several specific issues regarding restitution. Before addressing the specific topics identified by the Court, the United States submits the following general positions.

Due to the complex nature of this case and the intertwining issues relating to the Court's inquiries, the issues have been briefed in more general terms. Following this briefing, the Government answers the Court's specific questions.

### I.

### WHO IS A "VICTIM" UNDER SECTION 2259?

The Child Pornography Prevention Act of 1996 defines a "victim" as the "individual harmed as a result of a commission of a crime under this chapter... ." [1] Generally, the National Center for Missing and Exploited Children identifies the individual person in the child pornography images that

---

[1] 18 U.S.C. § 2259(c).

1

are the basis of federal charges and then communicates that information to the Government. The Government has the burden to prove that a particular person was a victim of this crime.

The United States Supreme Court has held that an individual child is victimized every time a pornographic image of the child is circulated. The Supreme Court has explained that child pornography is "a permanent record of the children's participation and the harm to the child is exacerbated by their circulation."[2] In *Ashcroft v. Free Speech Coalition*, the Supreme Court ruled that "each new publication of the speech would cause new injury to the child's reputation and emotional well-being."[3] Congress has recognized that the children depicted in sexual abuse images are harmed when the images are made, and continue to suffer through the images' circulation.[4] The children depicted in these images have suffered and continue to suffer a direct harm as a result of the trading and possession of these images by others.[5] In recognizing this harm, Congress mandated that restitution be paid to victims "for any offense under this chapter," including possession of child pornography.[6]

An individual child is victimized by possessors, by distributors, and by producers.[7] Although the sentencing guidelines distinguish between receipt, possession, and distribution of child pornography,[8] courts have held that production, distribution, and possession victimize the child. The Fifth Circuit has explained that "the victimization of a child depicted in pornographic materials

---

[2] *New York v. Ferber*, 458 U.S. 747, 759 (1982).

[3] 535 U.S. 234, 249 (2005).

[4] S. Rep. 104-358, at 14 ("the pornography may haunt him in future years . . . . It is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions.")

[5] *Ashcroft*, 535 U.S. at 249.

[6] 18 U.S.C. § 2259(a).

[7] *United States v. Norris*, 159 F.3d 926, 930-31 (5th Cir. 1998)("a child depicted in child pornography may be the victim of the crime of receiving child pornography"), *cert. denied*, 526 U.S. 1010 (1999).

[8] *United States v. Hibbler*, 159 F.3d 233, 238 (6th Cir.1998). The various circuits have discussed the differences between gratuitous distribution and distribution for pecuniary gain for purposes of interpreting the sentencing guidelines. *See, e.g., United States v. Simmonds*, 262 F.3d 468, 471-72 (5th Cir.2001).

flows just as directly from the crime of knowingly receiving child pornography as it does from the arguably more culpable offenses of producing or distributing child pornography."[9]

Accordingly, the Government submits that every child who is the subject of a pornographic image is a victim under Section 2259.

## II.

## WHO IS A "VICTIM ENTITLED TO RESTITUTION" UNDER SECTION 2259?

Section 2259 provides that a "victim" shall be entitled to restitution for losses suffered as a proximate result of the defendant's criminal conduct.[10]  When there is sufficient evidence to allow for an award of restitution, the restitution is mandatory.

A victim is only entitled to recover restitution for losses that are proximately caused by the conduct in question.  "Proximate result" does not appear in the list of recoverable losses until the last category.[11]  However, courts have routinely applied a "proximate result" requirement for all losses allowed under Section 2259.[12]  For there to be an "other" category of losses, there must be preceding categories of losses that did not sufficiently include all of the losses available.  If there are "any other losses" suffered by the victim as a proximate result of the offense, the preceding allowable losses must also include the proximate cause requirement.[13]

Appellate courts have consistently held that a victim can only recover restitution if the victim can show his losses were proximately caused by the defendant's criminal conduct.  In *Laney*, the

---

[9] *Norris*, 159 F.3d at 930.

[10] 18 U.S.C. § 2259(b).

[11] *Compare* 18 U.S.C. § 2259(b)(3)(A)-(E) *with* 18 U.S.C. § 2259(b)(3)(F)("any other losses suffered by the victim as a proximate result of the offense.").

[12] *See*, *e.g.*, *United States v. Laney*, 189 F.3d 954, 965 (9th Cir.1999).

[13] Otherwise, a victim would be entitled to recover all specifically enumerated losses, but would only be able to recover "other losses" if they were "suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2259(b)(3)(F).  It would be nonsensical for the statute to include differing burdens of proof and different causal requirements for different types of losses.

Ninth Circuit held that "Section 2259 . . . incorporates a requirement of proximate causation."[14]  The *Laney* Court reasoned that Section 2259 requires a defendant to pay "restitution for any offense" to the "victim" of the offense and defines a "victim" as "the individual harmed *as a result* of a commission of a crime under this chapter."[15]  In addition, the Ninth Circuit reasoned that Section 2259 calls for restitution to a victim to compensate for "the full amount of the victim's losses," which includes medical costs, lost income, and "any other losses suffered by the victim *as a proximate result* of the offense."[16]  The court concluded that "Section 2259 therefore requires a causal connection between the offense of conviction and the victim's harm."[17]  Finding a sufficient causal link between the offense and the victim's harm, the Court ordered restitution, because the victim's losses were directly caused by the offense conduct.[18]

Courts across the country have followed and applied the proximate-cause requirement in imposing restitution under Section 2259:

- *United States v. Crandon*, 173 F.3d 122, 126 (3d Cir.1999)("The District Court concluded by a preponderance of the evidence that Crandon's conduct was the proximate cause of the victim's losses.");

- *United States v. Searle*, 65 F.App'x 343, 346 (2d Cir.2003)("the district court reasonably concluded that the defendant's actions proximately caused the children's loss of their home and father");

---

[14]   189 F.3d 954, 965 (9th Cir.1999).

[15]   *Id*. (citing 18 U.S.C. § 2259(c)(emphasis added)).

[16]   *Id*. (citing 18 U.S.C. §2259(b)(3)(F)(emphasis added)).

[17]   *Id.* at 965-66.

[18]   *Id.*

4

- *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir.2007)(recognizing causation requirement for restitution);

- *United States v. Estep*, 378 F.Supp.2d 763, 770-72 (E.D. Ky.2005)(recognizing proximate cause requirement for restitution); and

- *United States v. Raplinger*, 2007 WL 328502, *2, *6 (N.D. Iowa 2007)(disallowing restitution for victim because insufficient evidence that defendant's conduct was proximate cause of victim's losses).[19]

None of these courts presume that a victim is necessarily entitled to restitution simply because the victim suffered some kind of harm as a result of the defendant's conduct.

### III.

### RESTITUTION UNDER SECTION 2259

Courts are required to order restitution for a victim's losses that are the proximate result of the criminal offense.[20]  Once proximate cause is established, the statute requires the court to order restitution for the full amount of the victim's losses.[21]  Section 2259 provides for restitution for specific types of losses.

### A.    Types of Restitution Available Under 18 U.S.C. § 2259

A victim is entitled to recover the following losses, provided that they can be shown to have been proximately caused by the offense:

(A) medical services relating to physical, psychiatric, or psychological care;

---

[19] "The quantity and quality of evidence present before the district court in *Crandon* is lacking here. As a consequence, the court is unable to find by a preponderance of the evidence that [the victim's] hospitalization and counseling expenses were a proximate result of Defendant's offenses. Accordingly, the court shall not require Defendant to make restitution... ." 2007 WL 328502 at *6.

[20] 18 U.S.C. § 2259(b)(4).

[21] *Crandon*, 173 F.3d at 126, n.2 (ordering restitution under Section 2259).

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.[22]

Section 2259 is broadly worded: any economic loss suffered by a crime victim as a proximate result of the offenses of conviction qualifies.[23]

**B.    Medical Expenses/Future Counseling Expenses**

A victim is entitled to future counseling expenses.[24]  A victim may be entitled to restitution for expenses not yet spent, because the expenses have already been "incurred" insofar as the victim has suffered harm that requires future treatment to rectify or remedy or treat.[25]

**C.    Miscellaneous Expenses**

Courts have accepted miscellaneous costs. For example, the Second Circuit affirmed restitution for the purchase of a new car to transport the abused children and for remodeling of the front porch to accommodate their living needs.[26]

**D.    Lost Wages**

---

[22]  18 U.S.C. § 2259(b)(3).

[23]  *Crandon*, 173 F.3d at 126 ("Congress mandated broad restitution for a minor victim following an offender's conviction of federal child sexual exploitation and abuse offenses."); *see also Searle*, 65 F.App'x at 346 ("The perpetrator must pay 'the full amount of the victim's losses' including medical services, transportation, and temporary housing as well as 'any other losses suffered by the victim as a proximate result of the offense.'"(quoting 18 U.S.C. § 2259(b)(3))).

[24]  *See Doe*, 488 F.3d at 1159-60; *Danser*, 270 F.3d at 455; *Julian*, 242 F.3d at 1246-48; *Laney*, 189 F.3d at 966-67.

[25]  *Laney*, 189 F.3d at 966; *see also United States v. Pearson*, 2009 WL 1886055 (2d Cir.2009).

[26]   65 Fed. App'x at 346.

A victim can recover for lost income suffered as a proximate result of the criminal conduct.[27]

However, courts have been reluctant to issue future lost wages.[28]  "In many cases, an order of restitution for future losses may be inappropriate because the amount of loss is too difficult to confirm or calculate."[29]  This approach correlates to the MVRA's general limitations on restitution.[30]

### E.    Government Bears the Burden of Proof on Amount of Restitution

When a victim has suffered losses that are proximately caused by the criminal conduct of a specific defendant, the Government bears the burden of proof.  In all cases of restitution, the Mandatory Victims Restitution Act (MVRA) provides that:

> The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government ... The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.[31]

Although the victim has a right to full and timely restitution, the victim is only entitled to recover the amount of restitution recoverable under the law.[32]  Accordingly, the United States Attorney's Office's duty is limited to ensuring that the victim obtains the fair amount of restitution to which the victim is entitled.

---

[27]  18 U.S.C. § 2259(b)(3)(D).

[28]  *See, e.g., Danser*, 270 F.3d at 455 at n.5("the type of restitution that section 2259 provides is not similar to an award of future earnings.").  In *Danser*, the Seventh Circuit recognized that future lost earnings were disfavored as part of a criminal sentence due to their prospective nature, but explained that future medical costs were not disfavored because of the different nature of the crime involved for restitution under Section 2259. *Id.  See also Doe*, 488 F.3d at 1160; *Laney*, 189 F.3d at 967, n. 14.

[29]  *Laney*, 189 F.3d at 967, n. 14 (citing *United States v. Fountain*, 768 F.2d 790, 801-02 (7th Cir.1985)); *see Doe*, 488 F.3d at 1160 ("We will uphold an award of restitution under Section 2259 if the district court is able to estimate, based on facts in the record, the amount of the victim's loss with some reasonable certainty."); *Doe*, 488 F.3d at 1160; *Danser*, 270 F.3d at 455-56*; see also* United States Sentencing Guidelines Manual § 2.B.1.1.

[30]  Pursuant to the MVRA, the court should not order mandatory restitution under certain circumstances.  For example, "[i]f the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court." 18 U.S.C. §3664(a).

[31]  18 U.S.C. §3664(e).

[32]  18 U.S.C. §3771(a)(6).

Courts typically determine the amount of restitution based upon testimony of experts and/or consultants that have evaluated the victim (and/or the victim's case).  In cases of more detailed calculations and projected damages, the Government has relied on experts to establish the amount of the losses and to establish that the victim's losses were proximately caused by the defendant's conduct.  The Ninth Circuit, for example, relied on a psychiatrist's calculation of therapy needs.[33] Similarly, in *Danser*, the Seventh Circuit relied on an actuary to calculate life expectancy which was then used to determine the cost of future therapy.[34]  In *Crandon*, the Third Circuit relied on both a social worker and a psychiatrist to determine therapy and hospitalization needs.[35]  The Tenth Circuit in *Julian* remanded for further expert determination of a "specific" dollar amount for future counseling.[36]  Although the Court may rely on hearsay at sentencing,[37] the hearsay itself must be sufficiently reliable.[38]   At least one United States District Court has disallowed an award of restitution based on questionable, unreliable evidence.[39]

The Government is not always required to present live testimony or sworn affidavit from the victim at sentencing: the court may adopt the findings in the PSR without further inquiry.[40]

The victim has a right to be reasonably heard, which includes the right of allocution at sentencing.[41]  Victims are not required to appear or participate in restitution proceedings.

---

[33] 189 F.3d at 967.

[34] 270 F.3d at 453 n.1.

[35] 173 F.3d at 122.

[36] 242 F.3d at 1248.

[37] *U.S. v. Parker*, 254 Fed. Appx. 906 (3d Cir. 2007); *U.S. v. DeAngelis*, 243 Fed. Appx. 471 (11th Cir. 2007)(district court did not violate defendant's Confrontation Clause right by not permitting him to cross-examine the victims of his crimes at his sentencing); *U.S. v. Sunrhodes*, 831 F.2d 1537 (10th Cir. 1987)(permitting witness to testify by telephone at restitution hearing did not constitute violation of Confrontation Clause).

[38] *See, e.g., United States v. Cabrera*, 288 F.3d 163, 170 (5th Cir.2002).

[39] *See Raplinger*, 2007 WL 3285802, *6 (prosecutor's reliance on triple hearsay was insufficient to establish proximate cause).

[40] *United States v. Smith*, 528 F.3d 423 (5th Cir. 2008).

[41] 18 U.S.C. § 3664(g)(1); *see also* 18 U.S.C. § 3771(a)(4).

**F.      Courts Determine the Proper Amount of Restitution**

Under the MVRA, the court can refer such matters to a magistrate or special master for proposed findings of fact and recommendations as to disposition subject to de novo determination by the court.[42] Restitution must be determined on a case-by-case basis.  Any question regarding the amounts of restitution are to be resolved by the Court: "Any dispute as to the proper amount or type of restitution, shall be resolved by the Court by the preponderance of the evidence."[43]

Restitution must be ordered based on each case before each different court as long as there is an identifiable victim that has sustained a qualifying loss.[44] A court may not decline to issue an order of restitution because of the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.[45]  A court may not decline to order restitution under Section 2259 simply because another court has ordered restitution to the same victim in another case.[46]

**G.      Restitution Should Seek to Make the Victim Whole and Not Create a Windfall**

The proper amount of restitution is the amount that makes a victim whole.[47]  The total amount of restitution ordered should not exceed the amount of the loss actually caused.[48]  "[T]he ordinary meaning of 'restitution' is restoring someone to a position he occupied before a particular event."[49] Although the temporal aspect of "restoring" someone is difficult to consider in regards to this particular crime (which can involve/require future testing, treatment, counseling, etc.).  The

---

[42]  18 U.S.C. § 3664(d).

[43]  18 U.S.C. § 3664(e).

[44]  *See* 18 U.S.C. § 2259.

[45]  18 U.S.C. § 2259(b)(4)(B)(ii).

[46]  *Id.*; *see also* 18 U.S.C. § 3664(f).

[47]  *Hughey v. United States*, 495 U.S. 411, 416 (1990).

[48]  *United States v. Trigg*, 119 F.3d 493, 500 (7th Cir. 1997).

[49]  *Hughey*, 495 U.S. at 416.

purpose of restitution "is not to punish defendants or to provide a windfall for crime victims but rather to ensure that victims, to the greatest extent possible, are made whole for their losses."[50]

## IV.

## JOINT AND SEVERAL LIABILITY AND RESTITUTION UNDER 18 U.S.C. § 2259

When numerous defendants have committed the same crime to contribute to a victim's harm, a court can order those defendants to be jointly and severally liable for the restitution to the same victim.[51]  When there is an order of joint and several liability for restitution pursuant to Section 2259, each defendant will be liable for restitution for the same loss.[52]  However, due to the unique nature of this crime, there are numerous difficulties associated with joint and several liability.

Section 3664 of the MVRA governs any order of restitution issued pursuant to Section 2259.[53]  Although the court may not take into consideration a specific defendant's economic circumstances when ordering restitution pursuant to Section 2259,[54] the Court may be able to apportion liability by ordering joint and several liability.  The MVRA allows a Court to consider the defendant's economic circumstances when ordering joint and several liability:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or

---

[50] *United States v. Hudson*, 483 F.3d 707, 710 (10th Cir.2007)(quoting *United States v. Arutunoff*, 1 F.3d 1112, 1121 (10th Cir.1993)). *See also United States v. Stanley*, 309 F.3d 611, 613 (9th Cir.2002)(MVRA does not allow "double recovery by a victim").

[51] 18 U.S.C. § 3664(h); see also 18 U.S.C. § 2259(b)(2)(allowing for order of restitution to be ordered and enforced in accordance with 18 U.S.C. § 3664).

[52] Consider the following example:  Defendant X is ordered to pay restitution to "Amy" in the amount of $3,400,000, jointly and severally with other defendants.  Defendant X pays $3,400,000 cash prior to reporting for incarceration.  The next day, Defendant Y is ordered to pay restitution to "Amy" in the amount of $3,400,000, also jointly and severally with other defendants.  Defendant Y is not required to pay any money toward the restitution because "Amy's" loss has been paid in full, assuming that both awards were for the same"loss."

[53] 18 U.S.C. § 2259(b)(2).

[54] 18 U.S.C. § 2259(b)(4)(B)(i).

may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.[55]

Although the court may not decline to order restitution based on the economic circumstances of the defendant, the court may order joint and several restitution.

**A.    Joint and Several Liability Requires All Defendants Liable for a Victim's Loss to Pay that Victim's Restitution**

Whenever criminals are ordered to be jointly and severally liable for the payment of a criminal restitution judgment, the United States Attorney's Office enforces collection of that debt.[56] The United States District Clerk is responsible for receipt of payments and disbursement of payments to victims. In multiple-victim cases, the Clerk's office makes disbursements to each victim in each victim's pro rata share. The Clerk's office keeps the official balance of the debt owed by each defendant, the amounts paid to each victim, and the amounts still owed to each victim. The Clerk's office tracks each debt owed by each defendant.

In cases of multi-district joint and several liability, one office of the United States District Clerk is designated to receive and disburse payments and each defendant's case is enforced by the United States Attorney's Office in the district of his sentencing. This procedure prevents and protects the United States District Clerk from having multiple accountings in multiple districts for the same criminal debt.

**B.    Practical Considerations and Complications**

As a practical matter, it would be very difficult, if not impossible, to order joint and several liability in these circumstances. First, there are an undetermined, potentially infinite, number of future defendants. Second, there may be multiple defendants in multiple jurisdictions across the

---

[55] 18 U.S.C. § 3664(h).

[56] 18 U.S.C. § 3664(m).

country.  Third, the amount of restitution may change over time.  Finally, the type of harm caused

by the defendant's conduct may be different than, or cumulative to, that of another defendant.

Additionally, each sentencing court will necessarily make its own credibility assessments

and determine restitution as to each individual defendant.[57]  Therefore, courts are likely to make

inconsistent findings, and a unified, consolidated collection process would be impossible.

### 1.     Continually Changing Number of Defendants and Amounts of the Loss

A victim seeking restitution in 2009 for counseling expenses would be entitled to recover

those for 2009, but if the victim's injuries have changed--for better or for worse--then it would be

impractical to calculate joint liabilities among defendants.

### 2.     Ex Post Facto Issues

Ex post facto considerations raise additional, practical issues when considering joint and

several liability.  A criminal could be ordered to pay restitution for a loss that occurred before he

even committed his crime.  Consider the following example:

> *A joint and several defendant first looks at the image of "Amy" in 2010 and is convicted in 2010.  He is ordered to be jointly and severally liable for the restitution to "Amy" in the amount of $3,400,000, which was first ordered by a Court in 2009 to account for future lost income, counseling, and other losses.  If no other restitution has been paid by other defendants, the 2010 defendant would find himself jointly and severally liable for damages that related to "Amy's" damages between 2009 and 2010.*

In this example, the defendant convicted in 2010 would find himself responsible for paying

for damages that could not have been caused by his criminal conduct.  Although he still committed

an offense and is culpable for adding to "Amy's" harm, he could not be responsible for the losses

such as lost income that she incurred between 2009 and 2010, prior to his commission of the crime.

---

[57]  Because restitution is part of a criminal sentence imposed on an individual defendant, the process requires that each defendant be provided an opportunity to challenge any proposed restitution he would be ordered to pay.

## C.     Joint and Several Liability Shows Need for Proximate Cause for Restitution

The constitutional and practical issues presented by joint and several liability illustrate the need for proximate cause requirement.  In the above example, the defendant convicted in 2010 could only be jointly and severally liable for the amount of "Amy's" damages that are proximately related to his conduct.  At the sentencing/restitution phase, the victim could present expert evidence showing how the 2010 defendant's criminal conduct proximately caused the victim damages and the estimated amount of future damages that the 2010 defendant would be responsible to pay.

If a victim is entitled to restitution from a defendant, the court should determine the proper amount of restitution owed by the defendant.[58]  If the amount determined includes the entire amount the victim will ever be able to seek, then that amount would be joint and several with all other defendants around the nation.  A victim could not then seek independent, overlapping losses of $3,400,000 in restitution from multiple defendants across the country.  The victim is not entitled to recover twice for the same loss.

At least one court rejected restitution entirely when it could not decide which defendant among a group of defendants should pay restitution.[59]

## D.     Proposed Framework

---

[58]  Even joint and several liability creates many logistical issues, as illustrated in the following example:  In 2009, Defendant #1 is sentenced to pay restitution to a victim in the amount of $1,000,000, to be jointly and severally liable with other defendants that contributed to the victim's loss.  In 2019, Defendant #2 is ordered to pay restitution to the victim, also to be jointly and severally liable with other defendants that contributed to the victim's loss, including Defendant #1.  The 2019 restitution amount cannot be $1,000,000, because that amount was due ten years prior and based on calculations for the victim's specific losses as of 2009.  The amount of restitution needs to be recalculated for each different defendant, all across the nation, and the amount of damage is going to be different for each and every different sentencing date.

[59]  *United States v. Raplinger*, 2007 WL 3285802, *6 (N.D. Iowa Oct. 9, 2007).  In *Raplinger*, the Court noted that "[t]he quantity and quality of evidence present before the district court in *Crandon* is lacking here. As a consequence, the court is unable to find by a preponderance of the evidence that [the victim's] hospitalization and counseling expenses were a proximate result of Defendant's offenses." *Id.* at *6.

The Court has inquired about "[w]hat avenues are available to streamline this procedure to reduce victim expense and conserve judicial resources." If the restitution was limited to losses proximately caused by the defendant, the court would not need to address joint and several liability issues. The court could inquire of each victim as to the amount recovered in other cases, and the sentencing court could consider prior restitution orders entered by other courts.[60] This would require minimal resources from the judiciary or the victims.

## VI.

## RESTITUTION IN THIS CASE

As discussed above, "Amy" is entitled to recover restitution for her losses set out in Section 2259(b)(3), provided that those losses can be proven by a preponderance of the evidence to have been the proximate result of Paroline's conduct. Paroline should be required to pay restitution for the amount of "Amy's" loss that is the proximate cause of his conduct.

**A.      Is "Amy" a victim entitled to restitution in this case?**

Producers, distributors, and possessors are all culpable at the same level for the determination of whether "Amy" is a "victim" as defined by Section 2259.[61] "Amy" is a victim of Paroline's crimes. However, in order to determine if "Amy" is a "victim entitled to restitution," the Court must find that she was harmed as a result of the commission of Paroline's crime.[62] Paroline possessed two images of child pornography containing "Amy's" image.

---

[60] Although a court cannot decline to issue an order of restitution because a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source, 18 U.S.C. § 2259 (b)(4)(B)(ii), the court is only required to issue restitution for the full amount of the victim's loss. 18 U.S.C. § 2259 (b)(1). The court would have the discretion to make such an inquiry to determine the "full amount of the victim's loss" at the time of sentencing. The Fifth Circuit has held that district courts have broad discretion in ordering restitution. *United States v. Ryan*, 874 F.2d 1052, 1054 (5th Cir.1989). Other courts have recognized this same broad discretion in orders of restitution issued pursuant to Section 2259. *See, e.g.*, *Doe*, 488 F.3d at 1160; *Laney*, 189 F.3d at 966; *Crandon*, 173 F.3d at 125-26.

[61] *Id.*

[62] 18 U.S.C. §2259(c).

Here, the victim has presented expert witness evidence regarding her damages. The expert reports make no specific reference to Paroline or the specific amount of the victim's loss suffered as a proximate result of Paroline's criminal conduct. Nonetheless, as with all expert witnesses, the Court will have to evaluate the credibility and reliability of the evidence presented.

The victim has not provided any specific evidence to show what amount of her losses, if any, were proximately caused by Defendant's possession of two photographs. The victim has provided general estimates and discussions from psychologists and economists that do not vary from one defendant to another. The victim has also provided an impact statement which is part of the Court's record.

Consumers and possessors of child pornography instigate original production of pornography by providing economic motive for creating and distributing materials.[63] The Fifth Circuit has explained that "there is no sense in distinguishing ... between the producers and the consumers of child pornography. Neither could exist without the other."[64] Possessors of child pornography victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects.[65]

Nonetheless, it is difficult to assess proximate cause and difficult to calculate a specific loss amount with detail.

---

[63] *Osborne v. Ohio*, 495 U.S. 103, 109-12(1990).

[64] *Norris*, 159 F.3d at 930.

[65] *Id.*

15

**B.    The Amount of Loss: Possible Approaches**

Courts have adopted a broad range of approaches when calculating the amount of restitution due to victims of sexual exploitation and other abuse.[66]  On average, defendants have been required to pay approximately $50,000 per victim that they exploited:

| CASE | TYPE OF VIOLATOR | AMOUNT/BASIS |
|---|---|---|
| *United States v. Ochoa*, CR-F-08-262 LJO, Eastern District of California (July 10, 2009) | Possessor | $250 |
| *United States v. Lynn*, CR-F-08-271 LJO, Eastern District of California (July 10, 2009) | Possessor | $750 |
| *United States v. Kistner*, 2009 WL 82697 (3rd Cir.) | Producer | $794, no basis provided |
| *United States v. Julian*, 242 F.3d 1245 (10th Cir. 2001) | Possessor | $3,195 for therapy costs, but remanded to add future therapy costs |
| *United States v. Torrey*, 3:08-00082, Southern District of Iowa (June 26, 2009) | Possessor | $5,000[67] |
| *United States v. Zebroski*, 3:98CR243, Middle District of Pennsylvania (September 24, 1999) | Producer, Distributor, and Possessor[68] | $6,325 |
| *United States v. Wallenfang*, 568 F.3d 649 (8th Cir. 2009) | Producer, Distributor, and Possessor | $6,900, no basis provided |

---

[66]  For example, Judge Garr King of the District of Oregon refused to order any restitution to the same victim that has made a claim for restitution in this case. *United States v. Johnson*, CR 08-218-01-KI; District of Oregon (May 19, 2009).   In *Johnson*, the same victim in this case made a claim for restitution that is identical to the claim that she has presented in this case.

[67]  In *Torrey*, the same victim in this case made a claim for restitution that is identical to the claim that she has presented in this case.

[68]  The defendant in *Zebroski* produced and distributed the images of "Amy."

| *United States v. Rice*, 405 F.3d 1108 (10th Cir. 2005) | Producer, Distributor, and Possessor | $9,216, no basis provided |
|---|---|---|
| *United States v. Doe*, 488 F.3d 1154 (9th Cir. 2007). | Producer | $16,475 for therapy costs for 24 counseling sessions for each of the eight children involved |
| *United States v. Searle*, 65 Fed. Appx. 343 (2nd Cir. 2003). | Producer | $17,582.85 for counseling costs, remodeling of home where children lived and half the cost of a vehicle |
| *United States v. Crandon*, 173 F.3d 122 (3rd Cir. 1999). | Possessor | $57,050.96 for hospital costs |
| *United States v. Laney*, 189 F.3d 954 (9th Cir. 1999) | Distributor/Possessor/ Conspiracy | $60,000 jointly and severally with co-conspirators |
| *United States v. Anderson*, 27 Fed. Appx. 931 (10th Cir. 2001) | Producer and Distributor | $60,000 for exploited child's family |
| *United States v. Croxford*, 324 F.Supp.2d 1230 (8th Cir.2004) | Producer, Possessor | $79,968 for future therapy |
| *United States v. Hesketh*, 3:08-CR-00165-WWE, District of Connecticut (February 23, 2009) | Possessor | Approximately $200,000, based on civil remedy damages available under 18 U.S.C. § 2255[69] |
| *United States v. Estep*, 378 F.Supp.2d 763 (E.D.Ken.2005) | Abuse | $221,480 for counseling and other expenses incurred |
| *United States v. Danser*, 270 F.3d 451 (7th Cir. 2001) | Producer, Distributor, and Possessor | $309,270 for present and future therapy costs |
| *United States v. Pearson*, 2009 WL 1886055 (2nd Cir. 2009). | Producer and Distributor | $974,902 for therapy costs for present and future medical care[70] |

---

[69] In *Hesketh*, the same victim in this case made a claim for restitution that is identical to the claim that she has presented in this case. The court has not issued an actual order of restitution, but rather determined this amount during the restitution hearing.

[70] In *Pearson*, the Court of Appeals set aside the district court's restitution order and remanded because the district court did not explain its calculation of future expenses.

| *United States v. Freeman*, 3:08CR22-002/LAC, Northern District of Florida (July 9, 2009) | Production, Distribution, Transportation, Possession, Conspiracy | $3,263,758; basis not provided[71] |
|---|---|---|

Notably, the courts evaluating and issuing the restitution awards involved these cases did so by focusing on the amount of the victim's loss that was proximately caused by the defendant's conduct.[72]

Another possibility for restitution would be to issue restitution in an amount equivalent to the minimum civil damages that the victim could recover in a civil suit from the defendant. One court noted that a figure of $50,000 would be equivalent to the civil damages for the victim of a chapter 110 offense.[73] Because 18 U.S.C. § 2255 was amended from $50,000 to $150,000 in 2006,[74] this new value may provide a basis for future restitution awards.

---

[71]    In *Freeman*, the same victim in this case made a claim for restitution that is identical to the claim that she has presented in this case. Mr. Freeman has already filed a  Notice of Appeal regarding the restitution order. *United States v. Freeman*, 3:08CR22-002/LAC, Northern District of Florida, Docket No. 782.

[72]    *Compare Crandon*, 173 F.3d at 127 (evidence of proximate cause allowed award of restitution for full amount of victim's counseling expenses) *with Raplinger*, 2007 WL 3285802 at *6 (not requiring defendant to pay restitution because no evidence that victim's hospitalization and counseling expenses were a proximate result of defendant's offenses).

[73]    *Estep*, 378 F. Supp. 2d at 773 n.4.

[74]    18 U.S.C. § 2255.

# VII.

## ANSWERS TO THE COURT'S SPECIFIC QUESTIONS

1.  **How shall it be determined whether the restitution-claimant is actually a victim and is entitled to restitution under section 2259?**

    The restitution-claimant is actually a "victim" under Section 2259 if she is an individual harmed as a result of a commission of a crime under this chapter. 18 U.S.C. § 2259(c). The restitution-claimant is a "victim entitled to restitution" to the extent that her losses were suffered as a proximate result of the defendant's specific criminal conduct. 18 U.S.C. §§ 2259(b)(3)(A)-(F).

2.  **How will the amount of restitution to which an identified victim is entitled be determined?  Who has the burden of proof and by what standard?**

    The Court determines the amount of restitution to which an identified victim is to be entitled. Counsel for the victim has provided the Government with evidence, which has been submitted to the Court. The Government bears the burden of proof. The standard is preponderance of the evidence.

3.  **Who is going to make this determination? Will it be made in every court or only once? What avenues are available to streamline this procedure to reduce victim expense and conserve judicial resources?**

    The Court determines the amount of restitution owed to a victim in each case. Every other court presented a restitution request by the same victim will make a determination of the restitution due that victim. The Court or Probation Office can inquire of each victim the amounts already recovered in order to determine the "full amount of loss."

4.  **Is each defendant liable for payment of the full amount of restitution or may the court apportion liability among defendants to reflect the level of contribution to the victim's loss and/or economic circumstances of each defendant?**

    Each defendant is only liable for payment of the full amount of restitution ordered against him individually.

5.  **Is there any proximate cause requirement between the victim's losses and the particular    defendant's conduct?**

    Yes.  Victims are entitled to recover restitution for losses suffered as a proximate result of the criminal conduct. 18 U.S.C. §§ 2259(b)(3)(A)-(F). However, courts have struggled with apportioning and determining the precise amounts of losses. *Compare United States v.*

19

*Laney*,189 F.3d 954 (9th Cir.1999) *and United States v. Crandon*, 173 F.3d 122 (3rd Cir. 1999) *with United States v. Raplinger*, 2007 WL 3285802 (N.D. Iowa Oct. 9, 2007).

**6.**    **How should restitution orders and payments be managed when multiple defendants in multiple districts are responsible to the same victim, or to multiple victims?   How is the potential for double recovery to be avoided and what safeguards are available?**

Each court necessarily must make its own separate order of restitution for each individual defendant.  A court can avoid double recovery by inquiring of the victim as to the amounts already recovered for the same loss.

**7.**    **Is "Amy" a victim entitled to restitution in this case?**

Yes.

**8.**    **What is the amount of "Amy's" loss in this case?**

Counsel for "Amy" has submitted a loss in the amount of $3,367,854.  The estimated cost of "Amy's" future treatment and counseling is $512,681.  The estimated amount of her lost future income is $2,855,173.

**9.**    **What amount of total restitution should Doyle Randall Paroline be ordered to pay in this case? How should his restitution payments, if any, be structured?**

Doyle Randall Paroline should be ordered to pay the amount of Amy's loss that is the proximate result of his conduct.  If Doyle Randall Paroline is ordered to pay restitution, payment should be due immediately, as in any other restitution case.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

_____/s/_____
By:  BILL BALDWIN
Assistant United States Attorney
California Bar No. 115408
Email: bill.baldwin@usdoj.gov

AMANDA GRIFFITH

Assistant United States Attorney
Texas Bar No. 24032251
Email: mandy.griffith@usdoj.gov

ROBERT A. WELLS
Assistant United States Attorney
Texas Bar No. 24033327
Email:  robert.wells3@usdoj.gov

110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436

ATTORNEYS FOR UNITED STATES OF
AMERICA


## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2009 I served a true and correct copy of this document  upon all counsel of record electronically via the Court's CM/ECF system.


_____/s/_____
Bill Baldwin