IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | DOCKET NO. 6:08CR61 |
| | | (Honorable Leonard Davis) |
| DOYLE RANDALL PAROLINE | § | |

DEFENDANT'S REBUTTAL TO THE PRE SENTENCE INVESTIGATION REPORT'S
INFORMATION CONCERNING RESTITUTION

COMES NOW defendant DOYLE RANDALL PAROLINE, by and through his court appointed attorney, F. R. FILES, JR., and makes and files this his rebuttal to the information contained in the Pre Sentence Investigation Report seeking restitution from the defendant.

I.

BACKGROUND

"Amy" is one of the individuals who had a picture or pictures on the computer of Mr. Paroline. The government and the defendant have agreed that her face is shown in one picture and that the identification of her in the second picture was by computer analysis.

"Amy" is represented by James Marsh, who furnished information to the U. S. Probation Office and to the U. S. Attorney requesting restitution for "Amy" under the provisions of 18 U.S.C. Section 2259. Included in this information were reports from Joyanna Silberg, Ph.D. and Stan v. Smith, Ph.D., President of Smith Economics Group, Ltd.

On July 8, 2009, your movant had a telephone conversation with Mr. Marsh. During that conversation, your movant asked, "What would you say if I asked you to furnish the underlying data upon which your experts relied?" Mr. Marsh indicated that he would furnish to us anything to which we would be entitled if we were his opposing counsel in a civil suit in a United States District Court.

On July 9, 2009, your movant sent the following letter to Mr. Marsh confirming his understanding of the conversation of the preceding day:

>July 9, 2009
>
>Mr. James R. Marsh
>The Marsh Law Firm PLLC
>P O Box 65135
>New York, NY  10163-4668
>
>                RE: U.S. v. Doyle Randall Paroline
>                      Cause No. 6:08CR61
>
>Dear Mr. Marsh,
>
>It was my pleasure to visit with you on Tuesday and to receive your email which contained your letter to Ms. Griffith and your latest position memorandum.
>
>As we discussed, I am interested in reviewing the underlying data which would have been relied upon by Dr. Silberg in her Report of Psychological Consultation dated November 21, 2008 and the underlying data relied upon by the Smith Economics Group, Ltd. in their Letter Calculating the Value of Certain Losses.
>
>You were gracious in your offer to furnish us anything to which we would be entitled if we were your opposing counsel in a civil suit in a United States District Court. We would appreciate any other matter that would come under that broad offer.

I look forward to seeing you in Tyler and would extend to you a formal invitation to be my guest for ribs at the Country Tavern. Texas lawyers make it a practice to be adversarial in the courtroom and friendly after the day's work is over.

Let's keep the lines of communication open in order that we can have a resolution of this matter.

Very truly yours,


F., R. (Buck) Files, Jr.

FRF,Jr./dam

For whatever reason, Mr. Marsh had a change of heart and sent the following email to your movant:

> **From:** James R. Marsh, Esq.
> **Sent:** Tuesday, July 28, 2009 11:51 PM
> **To:** bfiles@bain-files.com
> **Subject:** Doyle Randall Paroline;
>
> Mr. Files,
>
> I have reviewed your letter of July 9th concerning supporting materials relating to our expert reports submitted in the victim's request for restitution. As I stated during our conversation earlier this month, I do not philosophically have a problem providing this information. After careful consideration, I do, however, require the following conditions and stipulations;
>
> 1. The material provided must be under seal and remain under seal for use in this matter only and cannot be shared with any other person, attorney, law firm or entity, including, for example, the Federal Defender or Criminal Justice Act bar;
>
> 2. The material provided under seal cannot be utilized by the defendant or any person, attorney, law firm or entity (including, for example, the Federal Defender or Criminal Justice Act bar) in any other proceeding or for any purpose whatsoever;

3

3. The victim's voluntary tender of this material under seal is neither an acknowledgement nor an admission that your client, the defendant in this criminal proceeding, has a right to this material, in whole or in part, or that the victim can be compelled by the court, the United States Attorney, the United States Probation Office or the defendant to tender this material in this or any other criminal proceeding;

4. The victim is not a party to this criminal proceeding, cannot be a party to this criminal proceeding and will not be a party to this or any other criminal proceeding. By voluntarily tendering this material under seal the victim does not acknowledge or admit that she is personally subject to this court's jurisdiction, that she is a party to this criminal proceeding, or that she can be compelled by the court, the United States Attorney, the United States Probation Office or the defendant to do anything or take any action in this or any other criminal proceeding;

5. Any proffers, opinions, reports, evaluations, documents, or conclusions, both written and testimonial, which mention, reference, excerpt, acknowledge, consider, or pertain in any way to the material provided under seal, shall itself be under seal and remain under seal for use in this matter only, and cannot be shared with any other person, attorney, law firm or entity (including, for example, the Federal Defender or Criminal Justice Act bar).

I'm sure I can think of more, but the hour is late and there is much else to do.  I apologize for getting back to you in this extended time frame.  Perhaps these issues are more appropriately addressed at the hearing on August 20th.  I don't anticipate that the court will consider these factual issues anytime soon and will instead consider the broader policy issues first.  I will bring these materials to the hearing and, upon the court's acceptance of the above terms and conditions, will tender them to you.

Thank you for your consideration.  I'm looking forward to meeting you and enjoying Tyler in August.

James R. Marsh
The Marsh Law Firm PLLC

www.MarshLaw.net

Phone (212) 372-3030
Fax (914) 206-3998
Cell (914) 514-7428

Over the past several months, your movant has discussed this case with Federal Defender Patrick Black and with Assistant Federal Defenders Wayne Dickie and Ken Hawk. It is fair to say that these lawyers have been helpful to your movant in his defense of Mr. Paroline. After your movant was appointed to serve as Mr. Paroline's lawyer for the purposes of the restitution issue, your movant has continued to have discussions with these lawyers about how to proceed in the defense of the restitution issue.

Your movant has also consulted with Dr. William Reid, a forensic psychiatrist and also a former president of the American Academy of Psychiatry and the Law. Dr. Reid has been appointed as an expert witness by state judges in Smith County in at least three capital murder cases. One of these appointments has been to serve as an expert for the court. From this conversation, your movant determined the following:

- That it is absolutely critical for the defendant and any expert or experts assisting the defendant to have the underlying data of both Dr. Silberg and the therapist who first treated "Amy."

- That it is absolutely critical for "Amy" to be examined by a forensic psychologist or psychiatrist in order to determine her present mental state and, also, what – if any – emotional trauma was suffered by her as a result of Mr. Paroline's conduct.

- That there are qualified and competent forensic psychologist or psychiatrist in the New York or Pennsylvania area where "Amy" is believed to reside.

- That there is no reasonable expectation that "Amy" would suffer emotional trauma from being the subject of such a forensic examination.

Your movant requested the assistance of Dr. Wade E. French to review the material furnished by Mr. Marsh. At your movant's request, Dr. French prepared a report as to his findings, a copy of which is filed with the papers of the case together with his *vitae*.

II.

THE ABSENCE OF LAW ON THE ISSUE BEFORE THE COURT

Your movant believes that this is a case of first impression. Your movant's research has been unable to identify any case in which a lawyer was seeking restitution for an alleged victim in a criminal case and refused to permit the alleged victim to be examined or to furnish the data upon which the alleged victim's experts relied in reaching to the conclusions that they did.

III.

MR. PAROLINE'S BURDEN

*United States v. Ross*, 2009 WL 1870144 (5th Cir. 2009)(Not selected for publication in the Federal Reporter) is the latest case from the United States Court of Appeals to state that the defendant bears the burden of demonstrating by competent rebuttal evidence that information in the PSR relied on by the district court is materially untrue, citing *United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995). As previously set out in Paragraph I, above, your movant has filed

an Affidavit from Dr. Wade E. French which challenges the accuracy of the information in the PSR. *See* Attachment A, attached hereto.

IV.

THE SIXTH AMENDMENT ISSUE

The Sixth Amendment to the Constitution of the United States guarantees Mr. Paroline to the right to effective assistance of counsel. Your movant has been appointed as Mr. Paroline's lawyer by this Honorable Court; yet, Mr. Marsh would seek to limit your movant in how and with whose assistance your movant can proceed. This is not the only case in which Mr. Marsh has sought restitution for "Amy." There is no valid basis for Mr. Marsh's requirement of a confidentiality agreement before furnishing the data requested by your movant. Once again, this appears to be an issue of first impression and your movant has found no authority on this issue.

V.

THE FIFTH AMENDMENT ISSUE

The Due Process Clause of the Fifth Amendment to the Constitution of the United States guarantees Mr. Paroline the right to due process of law. Once again, Mr. Marsh's failure and refusal to furnish the data requested by your movant makes it virtually impossible for your movant to respond to the restitution request made by Mr. Marsh on behalf of "Amy." Once again, this appears to be an issue of first impression.; however the United States Court of Appeals for the Seventh Circuit has stated:

> …There is no doubt that a criminal defendant has a due process right to have the court consider only accurate information when imposing sentence, and that this right may be violated when the court considers information which is inaccurate. *Tucker*, 404 U.S. at 447, 92S.Ct. at 591-92. To succeed on such a claim the defendant must demonstrate that the information before the court was accurate and that the court relied on it.

7

<u>U. S. v. Coonce</u>, 961 F.2d 1268, 1274(7th Cir. 1992).

VI.

THE EIGHTH AMENDMENT ISSUE

The excessive fines prohibition of the Eighth Amendment to the Constitution of the United States guarantees Mr. Paroline the right not to have an excessive restitution order entered against him. Mr. Paroline's possession of no more than two pictures of "Amy" would not support the relief requested by Mr. Marsh. Further, because of Mr. Marsh's conduct in refusing to furnish the data requested, your movant cannot intelligently respond to the request for restitution. See *United States v. Bajakajian,* 524 U.S. 321, 337, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998).

WHEREFORE PREMISES CONSIDERED, your movant requests that this court either grant appropriate relief and direct Mr. Marsh to furnish the underlying data relied upon by his expert and, further, to require that "Amy" be examined by a forensic psychologist or a forensic psychiatrist or, in the alternative, that no order of restitution be entered against Mr. Paroline.

             Respectfully submitted,

             BAIN, FILES, JARRETT, BAIN & HARRISON
             A Professional Corporation
             109 West Ferguson
             Tyler, Texas 75702
             (903)595-3573


             BY:____/s/_____
               F. R. FILES, JR.
               Bar Card No. 06993000

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing has been served on Mr. Bill Baldwin, Assistant United States Attorney and Mr. James Marsh, attorney for Amy via the Court's CM/ECF filing system on this the 19th day of August, 2009.

                                              /s/
                                       F. R. FILES, JR.