**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **vs.** | § | **CASE NO.  6:08-CR-61** |
| | § | |
| | § | |
| **DOYLE RANDALL PAROLINE** | § | |

**ORDER**

Having considered Defendant's Motion for Evidentiary Materials, for the Taking of Depositions, for an Accounting, for Expert Funds, in Response to the Court's Scheduling Order of August 24, 2009 (Docket No. 42), the Motion is **GRANTED** in part and **DENIED** in part.

Defendant requests a forensic examination of the victim, "Amy."  The Government asserts that Defendant has no right to confront or examine the victim, and 18 U.S.C. § 3664(g)(1) specifically provides that "[n]o victim shall be required to participate in any phase of a restitution order."  Although the Court finds Defendant is not entitled to a forensic examination of "Amy," Defendant will nevertheless have access to the underlying data considered by or relied on by "Amy's" experts.  The parties have agreed on a Protective Order regarding such records.  Accordingly, Defendant's request for a forensic examination of "Amy" is **DENIED**, and Defendant's request for the experts' underlying data is **GRANTED**.

Defendant also requests to take the depositions of Dr. Joyanna Silberg, Dr. Stan V. Smith, and Ms. Ruby Salazar.  Since "Amy's" counsel has no objection to these depositions, Defendant's request to take these depositions is **GRANTED**.

Defendant further requests an accounting from "Amy" regarding all prior restitution

payments made, ordered to be made, or anticipated to be made in the future by Defendants in other cases to "Amy." Defendant's request for an accounting is **GRANTED**. The Court **ORDERS** "Amy" to provide Defendant and the Court with an accounting of all cases in which she has filed a similar request for restitution and the amount of restitution ordered and collected, if any, no later than **October 7, 2009**. This accounting need not include "anticipated" future payments which would be speculative.

Defendant also requests funds for experts to assist Defense counsel in rebutting the restitution request. Defendant argues that he is unable to hire experts to assist him in this matter. Defendant further argues that without the assistance of a forensic psychologist and economist, Defense counsel cannot provide the effective assistance of counsel required by the Sixth Amendment or protect Defendant's due process rights under the Fifth Amendment. The Government asserts that "[d]ue process merely requires some minimal indicia of reliability and the right of confrontation is severely restricted at sentencing." *See United States v. Young*, 981 F.2d 180, 187188 (5th Cir. 1992). Defendant pleaded guilty to one count of possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B) and has already been sentenced to 24-months custody in the Bureau of Prisons. Defendant has not yet examined the underlying data considered by or relied on by "Amy's" experts. Thus, Defendant's request for expert funds is **DENIED** without prejudice to refiling if Defendant's examination of the underlying data provides sufficient basis to support such a request.

Lastly, Defendant argues that 18 U.S.C. § 2259 is unconstitutional merely because it is part of the Violence Against Women's Act, and the Supreme Court declared unconstitutional a portion of that Act as exceeding Congress' power under the Commerce Clause. *See United States v.*

*Morrison*, 529 U.S. 598 (2000).  The Government argues that Defendant's offense, which gave rise

to this restitution request under section 2259, contained 'movement within or affect upon interstate

or foreign commerce' as a required element of proof.  Because the Court finds Defendant's

Commerce Clause argument to be without merit, Defendant's constitutional claim is **DENIED**.

        **So ORDERED and SIGNED this 24th day of September, 2009.**

                                        **LEONARD DAVIS**
                                        **UNITED STATES DISTRICT JUDGE**