**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Case No. 6:08-CR-61 |
| vs. | § | Judge Leonard Davis |
| | § | |
| DOYLE RANDALL PAROLINE | § | |

## INTRODUCTION

The Court has instructed the parties, including the victim, to file supplemental briefing and evidence in response to the issues raised during the August 20, 2009 restitution hearing. Yesterday I received the Defendant's Corrected Supplemental Brief. I respectfully request that the Court accept this response and the exhibits as further argument and evidence in this case.

## COURT PROCESS

The victim believes the Court has engaged in an appropriate and orderly process to either (1) make a final determination on the issue of restitution, or (2) decide that a further evidentiary hearing is required to resolve any conflicts between the victim's experts and the defendant's experts. Such a hearing might involve depositions of the parties' experts or an in-court examination and cross-examination of the experts. An independent psychological examination, deposition, or in-court testimony of the victim is neither warranted nor required. Concerning this issue, the victim hereby respectfully rests on her expert reports and, if the Court deems it necessary, further evidentiary process regarding her experts.

**PROXIMATE CAUSE**

Concerning this issue, the victim submits Exhibit 1 for the Court's consideration. Exhibit 1 is the latest version of the victim's request for restitution and includes an extensive discussion of the victim's position on proximate cause. The victim also references pages 60-61 of the August 20, 2009 hearing transcript discussing this issue. Exhibit 2.

**NATURE OF THE VICTIM'S HARM**

On pages 62-66 of the August 20, 2009 hearing transcript, I explain the nature of the victim's harm, including the conpiratorial and collaborative exploitation of the victim through the distribution, receipt and possession of her child pornography images. Exhibit 2. To further supplement the record in this case, the victim submits the following exhibits:

Exhibit 3 – Excerpts from *Beyond Tolerance – Child Pornography on the Internet* by Professor Philp Jenkins, New York University Press (2001), describes the underground world of child pornography distribution;

Exhibit 4 – Excerpts from *Child Molesters: A Behavioral Analysis* by former FBI Superviasory Special Agent Kenneth V. Lanning, National Center for Missing and Exploited Children (2001), describes child pornography content and collection;

Exhibit 5 – *Child Pornography in peer-to-peer networks* by Chad M.S. Steel, Child Abuse and Neglect (2009), quantifies and analyzes the distribution and nature of child pornography on peer-to-peer distribution networks;

Exhibit 6 – *Child Pornography Possessors Arrested in Internet-Related Crimes* by Janis Wolak, David Finkelhor, and Kimberly J. Mitchell, National Center for Missing and Exploited

Children (2005), counts arrests for child pornography and describes the characteristics of the offenders, the crimes they committed, and their victims;

Exhibit 7 – *Federal Prosecution of Child Sex Exploitation Offenders, 2006* by the Bureau of Justice Statistice, U.S. Department of Justice (2007), provides the most current public data on the federal prosecution of child sex exploitation crimes including child pornography;

Exhibit 8 – Excerpts from *Child Pornography and the Sexual Exploitation of Children Online* by Dr. Ethel Quayle, ECPAT International (2008), discusses the production and distribution of child pornography and the range of potential harms inflicted on children through the new technologies;

Exhibit 9 – *Child Pornography's Forgotten Victims* by Professor Audrey Rogers, Pace Law Faculty Publications (2008), discusses why some judges, scholars and members of the public at large treat possession of child pornography as a victimless crime.

The victim hereby incorporates these exhibits into her victim impact statement and submits this material in furtherance of her right to be reasonably heard at any public proceeding in the district court involving sentencing pursuant to 18 U.S.C. 3771(a)(4).

## **PROPORTIONALITY**

Finally, the victim submits the following recently discovered judicial decision which is relevant to the issue of proportionality. In *United States v. Arledge*, 553 F.3d 881 (2008), *cert denied*, 129 S.Ct. 2028 (2009). the defendant in a mail fraud case argued that the restitution award violated the Eighth Amendment because it was disproportionate to require him to pay

the full amount of the calculated loss attributable to the fraud when he received only a very small share of the proceeds from the fraud.

The Fifth Circuit held that the amount of the award must be tied to the losses suffered by victim of the defendant's crime, not the defendant's gain from his illegal conduct. Thus, so long as there is proof that the victim suffered the actual loss that the defendant is ordered to pay, the restitution award is proportional.

In *Arledge*, the district court ordered the restitution award to be "joint and several" with eleven other persons who were already convicted of fraud. The Fifth Circuit held that the defendant may therefore seek contribution from the co-conspirators to pay off the restitution award and reduce the amount he personally owes. The court specifically found that the district court's failure to directly order restitution by others who might have participated in the scheme is of no consequence.

Respectfully submitted,

    /s/ James R. Marsh
James R. Marsh
Victim's 18 U.S.C. 3771 Representative
NY Bar No. 2404853

The Marsh Law Firm PLLC
81 Main St Unit 305
White Plains NY 10601-1719

Phone (212) 372-3030
Fax (914) 206-3998
Email JamesMarsh@MarshLaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2009, I personally served a copy of this document and the referenced exhibits upon all counsel of record electronically via the Court's CM/ECF system.

                                                        /s/ James R. Marsh
                                                        James R. Marsh