Case 6:08-cr-00061-LED-JDL   Document 54-8   Filed 10/27/2009   Page 1 of 9

# EXHIBIT 7

U.S. Department of Justice
Office of Justice Programs



# Bureau of Justice Statistics
## Special Report

December 2007, NCJ 219412

# Federal Prosecution of Child Sex Exploitation Offenders, 2006

Mark Motivans, Ph.D.,
and Tracey Kyckelhahn,
BJS Statisticians

During 2006, 3,661 suspects were referred to U.S. attorneys for child sex exploitation offenses. Child pornography constituted 69% of referrals, followed by sex abuse (16%) and sex transportation (14%). Almost 6 in 10 child sex crime suspects were prosecuted in 2006, up from 4 in 10 in 1994. Nine of 10 defendants were convicted and sentenced to prison, up from 8 in 10 in 1994. The median prison sentence imposed increased from 36 months to 63 months over this period. Most suspects charged with sex exploitation were white, male, U.S. citizens, and had attended some college.

In this bulletin, Federal child sex exploitation offenses include child pornography, sex transportation, and sex abuse. Data from the Executive Office for United States Attorneys, the Administrative Office of the U.S. Courts, and the U.S. Sentencing Commission were used to describe Federal prosecution of child sex exploitation crimes. Congressional authority to regulate interstate commerce, including the mail, is the basis for Federal prosecution of child pornography. Federal jurisdiction over certain child sex abuse offenses is limited to the military, national parks, and Native American reservations. (See *Methodology* for selected Federal criminal sex exploitation statutes.)

### Child sex offenses among the fastest growing offenses of the Federal criminal caseload from 1994 to 2006

Child sex offenses constituted a relatively small share of the Federal criminal caseload. A total of 2,039 suspects were prosecuted for Federal sex offenses in 2006, representing about 2.5% of the 83,148 suspects prosecuted in Federal courts (figure 1). Suspects arrested and booked by the U.S. Marshals Service for a sex offense increased from 431 in 1994 to 2,191 in 2006. This was a 15% annual average increase, making sex offenses among the fastest growing crimes handled by the Federal justice system.



Figure 1

Note: Includes matters with a child sex exploitation offense as lead charge.
Source: Executive Office for U.S. Attorneys, National LIONS database, fiscal year 2006.

### Child pornography made up 69% of sex offenses referred to U.S. attorneys in 2006

The main sex exploitation offense referred to U.S. attorneys shifted from sex abuse (73%) in 1994 to child pornography (69%) in 2006. Child pornography matters accounted for 82% of the growth in sex exploitation matters referred from 1994 to 2006 (table 1). Sex transportation referrals accounted for 17% and sex abuse accounted for 1% of the growth over this period.

**Table 1. Suspects referred to U.S. attorneys with sex exploitation offense as lead charge, 1994 and 2006**

| Lead charge | 2006 Number | 2006 Percent | 1994 Number | 1994 Percent | Percent growth* Number | Percent growth* Percent |
|---|---|---|---|---|---|---|
| Total | 3,661 | 100 % | 774 | 100 % | 2,887 | 100 % |
| Child pornography | 2,539 | 69.4 | 169 | 21.8 | 2,370 | 82.1 |
| Sex abuse | 601 | 16.4 | 568 | 73.4 | 33 | 1.1 |
| Sex transportation | 521 | 14.2 | 37 | 4.8 | 484 | 16.8 |

*Percent growth is the distribution of the increase in referrals from 1994 to 2006.
Source: Executive Office for U.S. Attorneys, National LIONS database, fiscal year 2006

**The FBI referred more than half of all sex exploitation suspects for prosecution in 2006**

Several Federal agencies investigate sex exploitation offenses, primarily the Federal Bureau of Investigation (FBI) in the Department of Justice, U.S. Immigration and Customs Enforcement (ICE) in the Department of Homeland Security, and the U.S. Postal Inspections Services (USPIS). The FBI referred about half of all sex exploitation suspects to U.S. attorneys for prosecution in both 1994 and 2006 (figure 2). Since Homeland Security was created in March 2003, it has referred an increasing number of sex exploitation suspects, referring nearly a third (32% or 1,182) of sex exploitation suspects in 2006. Immigration and Customs Enforcement investigated the majority (967) of the referrals made by Homeland Security.

**Federal task forces integral in investigating and prosecuting computer-facilitated crimes against children**

In the 1980s the mail was the primary means of distributing child pornography. The *Child Protection Act of 1984* expanded the U.S. Postal Inspector's role in investigating those who knowingly sent and received child pornography through the mail. Over the past two decades, the dramatic increase in Internet availability provided a relatively anonymous forum for instantaneous exchange of pornographic images that more easily circumvented authorities. Federal task forces have been integral in investigating and prosecuting computer-facilitated crimes against children.

Federal legislation, programs, and task forces over time have focused on enhancing penalties for child sex exploitation and increasing enforcement coordination:

• The FBI's *Innocent Images National Initiative,* created in 1995, deploys specialized units in each of its 56 field offices to investigate crimes against children.

• The *National Center for Missing and Exploited Children* is a national resource for law enforcement, including the Cyber Tipline which receives tips from the public on child sex exploitation.

• *Project Safe Childhood,* created in 2006, is a Department of Justice initiative seeking to maximize the Federal response in prosecuting child sex exploitation.

• *Internet Crimes Against Children (ICAC) Task Forces* are composed of Federal, State, and local law enforcement agencies. There are 56 ICAC task forces in all 50 states.

• *Operation Predator,* conducted by ICE, was created in 2003 by Homeland Security to target child sex tourism and child pornography networks. The project is supported by a clearinghouse of seized images used to assist in the identification of victims.

**2,039 sex exploitation suspects were prosecuted in 2006, up from 313 in 1994**

Overall, 57% (2,039) of sex exploitation suspects in matters concluded by U.S. attorneys were prosecuted, an increase from 40% (313) prosecuted in 1994 (figure 3). By comparison, 59% of the 141,130 suspects in all matters concluded by U.S. attorneys in 2006 were prosecuted. Prosecution rates varied by offenses charged in 2006: violent (59%), drug (77%), property (55%), immigration (51%), weapons (69%), and public order (41%). From 1994 to 2006, drug, weapons, and violent suspects were prosecuted at greater rates than sex exploitation suspects.

Suspects were prosecuted at different rates depending on the sex offense involved. Sex transportation suspects had the highest prosecution rate (62%), followed by suspects charged with child pornography (59%) and sex abuse (46%) (table 2). Across types of sex offenses, about 4% of matters concluded were disposed by a U.S. magistrate, which are defined by statute as misdemeanors.

**Table 2. Suspects in matters concluded by U.S. attorneys with a sex exploitation offense as lead charge, 2006**

|  | Total | Sex abuse | Child pornography | Sex transportation |
|---|---|---|---|---|
| Total | 3,598 | 655 | 2,376 | 567 |
| Prosecuted | 56.7% | 45.8% | 58.5% | 61.6% |
| Declined for prosecution | 39.4 | 50.4 | 37.8 | 33.7 |
| Disposed by U.S. magistrate | 3.9 | 3.8 | 3.7 | 4.8 |

Note: Includes matters with a sex exploitation offense as lead charge.
Source: Executive Office for U.S. Attorneys, National LIONS database, fiscal year 2006.



Number of suspects in sex offense matters referred

Note: The Homeland Security Act of 2002 moved Immigration and Customs Enforcement (formerly INS) from the Department of Treasury to Homeland Security in March 2003. Other includes the U.S. Postal Service, Interior, Defense, state and local law enforcement, and other agencies.
Source: Executive Office for U.S. Attorneys, National LIONS database, fiscal year 2006.

Figure 2



*Figure 3*

| Table 3. Sex exploitation suspects declined for prosecution by U.S. attorneys, by reason, 2006 | | | | |
|---|---|---|---|---|
| Basis for declination | Total | Sex abuse | Child pornography | Sex transportation |
| Number of declinations | 1,419 | 330 | 898 | 191 |
| Lack evidence of criminal intent | 19.7% | 14.2% | 22.7% | 15.2% |
| Prosecuted on other charges | 15.0 | 3.6 | 18.7 | 17.3 |
| No Federal offense evident | 4.9 | 6.4 | 4.1 | 6.3 |
| Weak/inadmissible evidence | 30.4 | 53.0 | 24.3 | 20.4 |
| Agency request | 8.3 | 2.7 | 10.5 | 7.3 |
| Other* | 21.6 | 20.0 | 19.7 | 33.5 |

*Other includes lack of investigative resources, jurisdiction or venue problems, witness problems, and unspecified reasons.
Source: Executive Office for U.S. Attorneys, National LIONS database, fiscal year 2006.

### Thirty-nine percent of all sex exploitation matters were declined for prosecution by U.S. attorneys in 2006

The decision to decline to prosecute a suspect is influenced by various factors, such as weak or insufficient evidence or lack of resources. Suspects in 30% of matters concluded in 2006 were declined due to weak or inadmissible evidence (table 3). A fifth (20%) of matters concluded were declined due to lack of evidence of criminal intent (no crime established), and 15% were referred or handled in other prosecutions.

More than half of sex abuse declinations were due to weak evidence. In comparison, weak evidence was stated as the reason for 24% of declinations for child pornography and 20% of declinations for sex transportation.

### Just over half of sex exploitation defendants received pretrial release prior to case disposition

The court considers the nature and circumstances of the offense, the defendant's family ties, ties to the community, past conduct, and other factors in determining release prior to case disposition. (See The Bail Reform Act of 1984, 18 U.S.C. § 3141.) A third (33%) of all defendants received release prior to case disposition, compared to 53% for sex exploitation offenders and 67% for property offenders (figure 4). Of sex exploitation defendants terminating pretrial release in 2006, 11% received a violation and 7% had their pretrial release revoked. Sex exploitation defendants had lower rates of violation and revocation than violent, drug, weapons, and immigration defendants (figure 5).



*Figure 4*



*Figure 5*

*Federal Prosecution of Child Sex Exploitation Offenders, 2006*   3

**Federal sex abuse investigations were greater in judicial districts with tribal populations**

Due to unique jurisdictional issues, sex offenses committed in Indian Country may be investigated by tribal police, state or local law enforcement, or Federal law enforcement agencies, such as the Federal Bureau of Investigation (FBI) or the Bureau of Indian Affairs (BIA). Likewise prosecutions of these cases can occur in the Federal, State, or Tribal courts.

The Federal judicial district of South Dakota handled 21% of sex abuse matters concluded by U.S. attorneys. Arizona handled 18%; New Mexico, 14%; and Montana, 5% (figure 6). These 4 Federal judicial districts handled nearly 3 of 5 sex abuse matters concluded by U.S. attorneys from 2004 to 2006.

In 2003, Montana, South Dakota, Arizona, and New Mexico contained 11% of the 593 Federally recognized tribal entities and 32% of the total 1.9 million tribal enrollment (table 4). Thirty-four percent of the enrolled tribal population under age 16 resided on or near reservations in the four Federal judicial districts that handled about 60% of sex abuse matters.

Nearly three-quarters of the sex abuse defendants arraigned in Federal court in 2006 were American Indian or Alaska Native (table 5). Of the 249 defendants arraigned in 2006 with a sex abuse offense, about half were from four Federal judicial districts: New Mexico, Arizona, Montana, and South Dakota. Ninety percent of defendants arraigned in these four districts were American Indian/Alaska Native.



**Fifty-eight percent of Federal sex abuse suspects in matters concluded were in four Federal judicial districts, 2004-2006**

District of Montana (5%)
District of South Dakota (21%)
District of Arizona (18%)
District of New Mexico (14%)

Number of sex abuse suspects in matters concluded by U.S. attorneys by Federal judicial district, 2004-2006
□ 0    ■ 26 - 100
□ 1 - 25   ■ > 101

Note: There were 2,060 suspects in matters concluded with sex abuse as lead charge from 2004 to 2006.
Source: Executive Office for U.S. Attorneys, National LIONS database, fiscal years 2004-2006.

*Figure 6*

**Table 4. Federally recognized tribes and enrolled members, 2003**

| Federal judicial district | Tribal entities | | Tribe Enrollment | | | Tribal population under age 16 | | |
|---|---|---|---|---|---|---|---|---|
| | Number | Percent | Number | Percent | District rank | Number | Percent of total enrollment | District rank |
| Total | 563 | 100% | 1,923,650 | 100% | ~ | 468,963 | 100% | ~ |
| Arizona | 23 | 3.9 | 264,984 | 13.8 | 2 | 70,980 | 15.1 | 2 |
| New Mexico | 25 | 4.2 | 170,162 | 8.8 | 3 | 41,004 | 8.7 | 4 |
| South Dakota | 8 | 1.3 | 105,068 | 5.5 | 4 | 34,040 | 7.3 | 5 |
| Montana | 8 | 1.3 | 65,299 | 3.4 | 5 | 13,398 | 2.9 | 6 |
| All other districts | 529 | 89.2 | 1,318,137 | 68.5 | ~ | 309,541 | 66.0 | ~ |

~Not applicable.
Source: U.S. Department of the Interior, Bureau of Indian Affairs. American Indian Population and Labor Force Report, 2003, available at http://www.doj.gov/bia/laborforce/2003LaborForceReportFinalall.pdf

**Table 5. American Indian or Alaska Native defendants arraigned in Federal court for sex abuse, 2006**

| Federal judicial district | Total arraigned | Percent American Indian/Alaska Native |
|---|---|---|
| Total | 249 | 70.7% |
| Arizona | 37 | 86.5 |
| New Mexico | 38 | 86.8 |
| South Dakota | 37 | 91.9 |
| Montana | 13 | 100.0 |
| All other districts | 124 | 50.0 |

Source: Administrative Office of the U.S. Courts, Pretrial Services data file, fiscal year 2006.

**Most suspects charged with child pornography were white, male, and had attended some college**

The median age for sex exploitation offenders was 39 years (table 6). One in five had a prior felony conviction. Compared to all suspects arraigned in 2006, sex exploitation offenders were on average older and less likely to have a prior felony conviction (not shown in table).

Eighty-nine percent of arrestees charged with child pornography were white, 99% were male, and 58% had attended some college. The median age at arraignment was 42 years.

Suspects charged with sex abuse tended to be younger, American Indian or Alaska Native, and less educated. Nearly three-quarters of Federal sex abuse defendants were American Indian or Alaska Native. The median age at arraignment was 29 years.

Most suspects charged with sex transportation offenses were white (70%). Twelve percent of sex transportation suspects were non-U.S. citizens, and 9% were female. The median age at arraignment was 36 years. Twenty-six percent of sex transportation defendants had a prior felony conviction compared to 20% of pornography defendants and 21% of sex abuse defendants.

**Over the past decade adjudications for child sex exploitation offenses nearly quadrupled**

During 2006, 1,850 defendants were adjudicated for child sex exploitation offenses, up from 472 in 1996. Child pornography defendants represented 65% of all sex exploitation defendants adjudicated in 2006, followed by sex transportation defendants (20%) and sex abuse (15%) defendants. Ninety-three percent of sex exploitation defendants were convicted, up from 87% in 1996.

**From 1996 to 2006 a greater percent of convictions for sex offenses resulted from pleas than from trials**

In 2006, child pornography defendants were more likely to be convicted (95%) than sex transportation (92%) and sex abuse (86%) defendants (table 7). The conviction rate increased for sex abuse defendants from 81% in 1996 to 86% in 2006 while the conviction rate decreased slightly for child pornography defendants (from 97% in 1996 to 95% in 2006). Sex transportation defendants were convicted at about the same rate for the two periods (91% in 1996; 92% in 2006). Nine of ten defendants who were not convicted had their cases dismissed.

All three types of offenses had a greater percent of convictions resulting from pleas than from trials between 1996 and 2006. The greatest increase in pleas over this period was for sex transportation cases. In 2006, 92% of child pornography defendants were convicted through a plea. Eighty-six percent of sex transportation defendants and 76% of sex abuse defendants pled guilty.

Table 6. Characteristics of Federal sex exploitation defendants at initial hearing, 2006

| Defendant characteristics | Total | Sex abuse | Child pornography | Sex transportation |
|---|---|---|---|---|
| Number of defendants | 1,863 | 249 | 1,275 | 339 |
| **Gender** | | | | |
| Male | 97.0% | 96.4% | 98.7% | 91.2% |
| Female | 3.0 | 3.6 | 1.3 | 8.8 |
| **Race** | | | | |
| White* | 75.8% | 15.9% | 88.9% | 70.2% |
| Black/African American* | 4.9 | 2.9 | 3.2 | 12.5 |
| Hispanic | 8.1 | 8.9 | 6.6 | 13.1 |
| American Indian/Alaska Native* | 9.9 | 70.7 | 0.3 | 1.5 |
| Asian/Native Hawaiian/other Pacific Islanders* | 1.3 | 1.6 | 1.0 | 2.7 |
| **Age** | | | | |
| Under 21 | 5.0% | 21.7% | 2.8% | 1.5% |
| 21-30 | 23.2 | 29.3 | 20.2 | 30.1 |
| 31-40 | 24.1 | 23.3 | 23.1 | 28.6 |
| 41-50 | 23.6 | 14.9 | 25.5 | 23.0 |
| 51-60 | 16.8 | 6.4 | 19.9 | 12.4 |
| Over 60 | 7.3 | 4.4 | 8.5 | 4.4 |
| Median age | 39yrs | 29yrs | 42yrs | 36yrs |
| **Education level** | | | | |
| Less than high school graduate | 14.0% | 48.1% | 7.9% | 13.7% |
| High school graduate | 34.1 | 31.6 | 34.0 | 36.5 |
| Some college | 29.6 | 15.6 | 33.0 | 26.0 |
| College graduate | 22.3 | 4.7 | 25.1 | 23.9 |
| **Citizenship** | | | | |
| U.S. citizen | 95.8% | 96.3% | 97.7% | 88.5% |
| Non-U.S. citizen | 4.2 | 3.7 | 2.3 | 11.5 |
| **Criminal record** | | | | |
| No prior felony conviction | 78.6% | 78.6% | 79.9% | 74.0% |
| Prior felony conviction | 21.4 | 21.4 | 20.1 | 26.0 |

Note: Percents based on non-missing data.
*Excludes persons of Hispanic or Latino origin.
Source: Administrative Office of the U.S. Courts, Pretrial Services data file, fiscal year 2006.

**Convicted sex offenders sentenced to prison increased from 81% in 1996 to 96% in 2006**

Federal penalties include prison, probation, restitution, civil and criminal fines and forfeiture, and civil remedies for personal injuries. From 1996 to 2006 the percent of defendants sentenced to prison increased from 81% to 96%. Over the same period probation decreased from 18% to 4% of sentences imposed.

Child pornography represented the largest increase in persons receiving a prison sentence — 77% were sent to prison in 1996 compared with 97% in 2006. The percent sent to prison for sex transportation increased from 91% in 1996 to 98% in 2006. Defendants convicted of sex abuse received prison 83% of the time in 1996 compared with 86% in 2006.

| Disposition and sentence | Total 2006 | Total 1996 | Sex abuse 2006 | Sex abuse 1996 | Child pornography 2006 | Child pornography 1996 | Sex transportation 2006 | Sex transportation 1996 |
|---|---|---|---|---|---|---|---|---|
| **Cases concluded** | | | | | | | | |
| Number | 1,850 | 472 | 276 | 276 | 1,209 | 161 | 365 | 35 |
| Convicted | 93.1% | 87.1% | 86.2% | 80.8% | 95.1% | 96.9% | 91.8% | 91.4% |
| Plea | 88.6 | 77.1 | 76.1 | 70.7 | 92.2 | 91.3 | 86.0 | 62.8 |
| Trial | 4.5 | 10.0 | 10.1 | 10.1 | 2.9 | 5.6 | 5.8 | 28.6 |
| Not convicted | 6.9 | 12.9 | 13.8 | 19.2 | 4.9 | 3.1 | 8.2 | 8.6 |
| Dismissed | 6.2 | 8.3 | 11.2 | 11.6 | 4.5 | 3.1 | 8.0 | 5.7 |
| Trial | 0.7 | 4.7 | 2.6 | 7.6 | 0.4 | 0 | 0.2 | 2.9 |
| **Sentence imposed[a]** | | | | | | | | |
| Number | 1,723 | 411 | 238 | 223 | 1,150 | 156 | 335 | 32 |
| Prison[b] | 95.7% | 81.4% | 86.4% | 83.3% | 97.1% | 76.8% | 97.6% | 90.6% |
| Probation only | 4.0 | 17.6 | 13.2 | 16.2 | 2.7 | 21.3 | 2.1 | 9.4 |
| Fine only | 0.2 | 1.0 | 0.4 | 0.5 | 0.2 | 1.9 | 0.3 | 0 |
| Median prison sentence imposed (mos.) | 63 mos | 33 mos | 70 mos | 44 mos | 63 mos | 15 mos | 60 mos | 60 mos |

Table 7. Verdict, disposition, and sentence received in cases concluded with a Federal sex exploitation offense, 1996 and 2006

Note: Includes cases with a child exploitation statute as one of five offenses at termination. Percents based on non-missing data.
[a]Based on the number convicted.
[b]Includes all sentences to incarceration, including split sentences.
Source: Administrative Office of the U.S. Courts, criminal master file, fiscal year 2006.

### 66% of sex abuse defendants received a sentencing enhancement because a victim was under age 16

Over half of sex abuse defendants sentenced under U.S. Sentencing Guidelines had a victim under age 12 (table 8). Two-thirds (66%) of these defendants received a sentencing enhancement because a victim was under age 16. More than a third (37%) was sentenced for having a victim in their custody, care, or supervision.

Two in three child pornography defendants were sentenced for having 10 or more items, such as books, magazines, or films. Ninety-five percent were sentenced for materials depicting a minor under age 12, and 97% were sentenced for the use of a computer in the offense. Nearly 3 of 4 sentenced sex transportation defendants used a computer interactive service in the offense; 7% were sentenced for having a victim in their custody, care, or supervision.

Table 8. Offense characteristics of sentenced sex exploitation offenders, by type of offense

| Offense characteristic | Percent of sentenced defendants |
|---|---|
| **Sex abuse involving—** | |
| Victims age | |
| 11 or younger | 51% |
| 12 to 15 | 15 |
| 16 or older | 34 |
| Victim in offenders custody, care, or supervision | 37% |
| Number of defendants[a] | 150 |
| **Child pornography involving—** | |
| Books, magazine, films | |
| Less than 10 | 35% |
| 10 or more | 65 |
| Depiction of minor under age 12 | 95% |
| Use of computer | 97% |
| Number of defendants[b] | 1,012 |
| **Sex transportation involving—** | |
| Victim in offenders custody, care, or supervision | 7% |
| Use of computer | 72% |
| Fraud/force or commission of sex act | 38% |
| Minor under age 12 | 5% |
| Number of defendants[c] | 180 |

[a]Sentenced under §2A3.1 or §2A3.4 as primary guideline.
[b]Sentenced under §2G2.2 or §2G2.4 as primary guideline.
[c]Sentenced under §2G1.3 or §2G1.1 as primary guideline.
Source: U.S. Sentencing Commission monitoring file, fiscal year 2006.

**Recent legislation increased penalties for sex offenses against children**

The *Protection of Children from Sexual Predators Act of* increased penalties for offenses against children and for repeat offenders including pornography, sex transportation, and abuse.

The *Trafficking Victims Protection Act of 2000* added sex trafficking of children (18 U.S.C. 1591) as a Federal offense with penalties of up to life in prison.

The *Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today (PROTECT) Act of 200* increased penalties for first time offenders producing child pornography, U.S. citizens traveling abroad to engage in sex with a minor and included a "two strikes" provision requiring life sentence for offenders with 2 prior serious child sex offenses.

The *Adam Walsh Child Protection and Safety Act of 2006* substantially increased mandatory minimum prison terms for child prostitution, sex abuse, sex trafficking of children and distribution of child pornography. The act eliminated the statute of limitations for most child sex offenses.

**Median prison term for Federal sex exploitation offenses more than doubled from 1996 to 2006**

In 2006, the median prison sentence imposed was greatest for sex abuse offenses (70 months) followed by child pornography (63 months) and sex transportation (60 months). The median sentenced for sex transportation was 60 months in 2006 and 1996. The median sentence increased from 44 to 70 months for sex abuse and from 15 to 63 months for child pornography. In comparison, median prison terms for drug and weapon offenders remained stable and increased for violent offenses.



Figure



Figure

**Methodology**

The Federal Justice Statistics Program (FJSP) database compiles comprehensive information on individuals processed through the Federal justice system from source files provided by the Executive Office for United States Attorneys (EOUSA), the Administrative Office of the United States Courts (AOUSC), the United States Sentencing Commission (USSC), and other agencies.

In this report, sex exploitation offenders were defined according to selected Federal criminal statutes. (See textbox on page 8.). For the offenses sex abuse and illegal sex transportation, data limitations did not permit subsetting statutes pertaining only to child victims. Statistics on these categories are overcounted to the extent persons 18 years and older were victims of the offense. For suspects in matters referred to U.S. attorneys, the "lead charge" is the basis for investigation and for which at least one hour of investigation time was spent. As secondary charges are not available, child sex exploitation is undercounted to the extent it is present as a secondary charge.

AOUSC data were used to describe the distribution of sex exploitation defendants in cases adjudicated and sentenced. The "most serious terminating offense" designation is the offense that yields the maximum statutory penalty. The USSC provided data on sex exploitation defendants sentenced under the Sentencing Reform Act of 1984. Data do not permit the identification of sex exploitation suspects/defendants residing in Indian Country.

**U.S. Department of Justice**
Office of Justice Programs
Bureau of Justice Statistics

Washington, DC 20531

NCJ 219412

PRESORTED STANDARD
POSTAGE & FEES PA D
DOJ/BJS
Permit No. G-91

Official Business
Penalty for Private Use $300

---

Selected Federal criminal sex exploitation statutes

• Child Pornography

- 18 U.S.C. §§ 2251 & 2251A: Sexual exploitation of children and selling or buying of children.
- 18 U.S.C. §§ 2252 & 2252A & 2252B: Production, distribution, and possession of child pornography.
- 18 U.S.C. § 2260: Production of child pornography for importation into the United States.

• Sex Abuse

- 18 U.S.C. § 2241: Aggravated sexual abuse.
- 18 U.S.C. § 2242: Sexual abuse.
- 18 U.S.C. § 2243: Sexual abuse of a minor or ward.
- 18 U.S.C. § 2244: Abusive sexual contact.

• Transportation for Illegal Sexual Activity

- 18 U.S.C. § 1591: Sex trafficking of children or by force, fraud, or coercion.
- 18 U.S.C. § 2422: Coercion and enticement.
- 18 U.S.C. § 2423: Transportation of minors. Includes engaging in illicit sexual conduct in foreign countries.

The Bureau of Justice Statistics is the statistical agency of the U.S. Department of Justice. Jeffrey L. Sedgwick is director.

BJS Bulletins present the first release of findings from permanent data collection programs.

This Bulletin was written by Mark Motivans, Ph.D., and Tracey Kyckelhahn. Tina Dorsey produced and edited the report, under the supervision of Doris J. James. Jayne Robinson prepared the report for final printing.

December 2007, NCJ 219412

This report in portable document format and in ASCII and its related statistical data and tables are available at the BJS World Wide Web Internet site: <http://www.ojp.usdoj.gov/bjs/abstract/fpcseo06.htm>.

**Office of Justice Programs**

*Innovation • Partnerships • Safer Neighborhoods*
http://www.ojp.usdoj.gov