UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:08-CR-61 |
| | § | |
| DOYLE RANDALL PAROLINE | § | |

MEMORANDUM IN SUPPORT OF THE AMENDED AGREED MOTION FOR RESTITUTION JUDGMENT FILED ON DECEMBER 3, 2014

COMES NOW DOYLE RANDALL PAROLINE by and through F. R. FILES, JR., attorney of record for Mr. Paroline and hereinafter styled "this Movant" and would show unto this Honorable Court the following:

I.

On June 10, 2009, Mr. Paroline was sentenced to a term of 24 months confinement in the Bureau of Prisons and a term of ten years supervised release. After June 10, 2009, Mr. Paroline hoped to get on with his life after serving his sentence of confinement.

II.

This Honorable Court would recall that Mr. Paroline was found to have possessed only two pictures of the victim, "Amy," and that the Government agreed that he was neither a producer nor a distributor of child pornography.

III.

For more than five years, Mr. Paroline's case has continued in the United States Courts on the restitution issue which began before this Honorable Court; then went to the United States Court of Appeals for the Fifth Circuit on a *mandamus* issue; then was heard by a panel of the Circuit and, later, by that Court sitting *en banc*; and, finally, the case was argued before the Supreme Court of the United States and an opinion was handed down. Mr. Paroline's case was remanded to the United States Court of Appeals for the Fifth Circuit and then to this Honorable Court.

IV.

Over the last five years, Mr. Paroline has been a poster child for a defendant in a child pornography case. His restitution issue has been the subject of national coverage in the various news media. He and his wife have had significant marital issues which have been exacerbated by the fact that this case has continued in the system for these past five years.

V.

When this Honorable Court originally entered its order setting out a briefing schedule and a potential hearing date, this Movant had numerous conversations with Mr. Paroline about how he wanted to proceed. It was explained to him by this Movant that he had an absolute right to a hearing on the issue of restitution. His other option would be to enter into a settlement agreement with the victim, "Amy," and, parenthetically, with the Government. Mr. Paroline made it crystal clear that he wanted finality. He did not want any more hearings or any more publicity. He just wanted the case to be over. He and his

wife had finally reconciled their differences and he was deeply concerned about saving his marriage.  Mr. Paroline gave this Movant the authority to negotiate and, hopefully, to settle his case.

VI.

When this Honorable Court entered its second order setting a briefing schedule and a potential hearing date, Mr. Paroline again reiterated to this Movant his desire to settle this case without any further hearings and possible appeals.

VII.

This Movant engaged in negotiations with Mr. Marsh as to a settlement amount.  This Movant was aware that the Government's position was that $5,000 would be an appropriate sum of restitution for the victim, "Amy."  This Movant was also aware that Mr. Marsh and his co-counsel, Paul Cassell, had incurred printing expenses in the amount of $15,000.

VIII.

When Mr. Marsh suggested a settlement in the amount of $30,000 for all claims provided for in 18 U.S.C. § 2259, this Movant, after consultation with Mr. Paroline and with co-counsel, agreed to that amount without any further negotiation.  Mr. Paroline brought this Movant a cashier's check in the amount of $30,000 which was deposited into this Movant's IOLTA account and which this Movant has authorization to pay in accordance with any order entered by this Honorable Court.  During negotiations, it was this Movant's position that the victim, "Amy," and her attorney, Mr. Marsh, would be better served to receive a lump sum payment than to receive ten percent of Mr. Paroline's

earnings over a number of years.

IX.

When this Honorable Court declined to enter the proposed order suggested by all the parties, it placed this Movant in a difficult position. On the one hand, Mr. Paroline has urged this Movant to finally resolve this matter; on the other, this Honorable Court has raised questions as to whether Mr. Marsh is entitled to the attorney's fees suggested by all the parties.

X.

This Movant entered – in good faith – into settlement negotiations with Mr. Marsh and reached an agreement as to the amount of $30,000 which was to be suggested to this Honorable Court as an appropriate resolution of all of the victim's, "Amy's," claims under 18 U.S.C. § 2259. The Texas Lawyers Creed contains this language: "I am passionately proud of my profession. Therefore, 'my word is my bond.'" Having reached an agreement with Mr. Marsh, this Movant simply cannot suggest that this Honorable Court enter an amount less than $30,000 for restitution and attorney's fees. Under Mr. Marsh's suggestion as to how the money should be divided between him and the victim, "Amy" – as it has been incorporated into the Amended Agreed Motion for Restitution Judgment – the victim, "Amy," will receive more restitution than she might have after a contested hearing.

XI.

This Movant joins with counsel for the other parties in suggesting that the proposed settlement is fair, just and equitable taking into consideration the facts in this case and the opinion of the Supreme Court in *Paroline v. United States*, 134 S.Ct. 1710 (2014).

WHEREFORE PREMISES CONSIDERED, this Movant joins with other counsel and the victim, "Amy," and respectfully requests that this Honorable Court enter a restitution judgment in the total amount of $30,000 in full resolution of the restitution requested in this case.

Respectfully submitted,

_/s/ F. R. "Buck" Files, Jr._____
F.R. "BUCK" FILES, JR.
Texas Bar No. 00000087
109 W. Ferguson
Tyler, Texas 75702
Office: (903) 595-3573
Fax: (903) 597-7322
Email: bfiles@bainfiles.com

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2014, I served a true and correct copy of this document upon all counsel of record electronically via the Court's CM/ECF system.

____/s/_____
F. R. FILES, JR.